### In re MINNERS.

(District Court, S. D. New York. August 3, 1918.)

1. BANKRUPTCY ☞372—REOPENING ESTATE—DEFECTIVE CONVEYANCE OF PROPERTY.

   A court of bankruptcy given power by Bankr. Act 1898, § 2, subd. 8 (Comp. St. 1916, § 9586), to reopen estates "whenever it appears they were closed before being fully administered," may properly reopen an estate on petition of a purchaser of real estate from the trustee where it appears that the sale was not legally perfected.

2. BANKRUPTCY ☞372—REOPENING OF ESTATE—ELECTION OF TRUSTEE.

   On reopening an estate for further administration, the trustee should not be reinstated, but a new trustee elected.

In Bankruptcy. In the matter of Charles Minners, bankrupt. On petition to reopen estate. Granted.

Bernard Braun, of New York City, for purchaser.

AUGUSTUS N. HAND, District Judge. [1] A purchaser of real estate from the trustee in bankruptcy in this estate asks the court to reopen the estate, reinstate the trustee, and call a meeting of creditors to confirm the sale which appears to have been made without notice to creditors.

Section 2 (8) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 545 [Comp. St. 1916, § 9586]) empowers the court, among other things, to "close estates whenever it appears that they have been fully administered, by approving the final accounts and discharging the trus-

tees, and reopen them whenever it appears they were closed before being fully administered."

[2] If the sale was not legally perfected even though an equitable title passed to the trustee's vendee by estoppel, yet the legal title would be still outstanding. Under such circumstances, I think the estate cannot in a fair sense be regarded as fully administered. A proposed order is submitted reinstating the former trustee. This should not, under the opinion of the Circuit Court of Appeals for this circuit in Re Rochester Sanitarium & Baths Co., 222 Fed. at pages 27, 28, 137 C. C. A. 560, be done, but a new trustee should be elected for the purpose of executing a confirmatory deed, if such should be ordered, and for taking any further steps in the administration of the premises which were attempted to be conveyed by the former trustee that may be necessary. The purchaser's vendee is a party interested in the estate within the meaning of such decisions as In re Chandler, 138 Fed. 637, 71 C. C. A. 87. He is either entitled to have a deed from the trustee properly authorized, or to receive back from the creditors the consideration paid. The court may therefore reopen the estate on his motion, but he should indemnify the referee for the expenses of calling the creditors' meeting, and should also pay any expenses to which the new trustee may be put in procuring his bond if the creditors authorize a confirmatory deed by the trustee.