## SIEGEL v. MARGIOTTA.

Circuit Court of Appeals, Second Circuit.
March 13, 1939.

Samuel J. Sussman, of Brooklyn, N. Y., for appellant.

Morris M. Marcus, of New York City, for Margiotta.

Before L. HAND and CHASE, Circuit Judges, and PATTERSON, District Judge.

PER CURIAM.

The appellant, Siegel, is a trustee in liquidation of the Lion Varnish Company, and is the successor of the appellee, Margiotta, who had been its trustee during an unsuccessful effort at reorganization. On December 21, 1938, the judge made an allowance to Margiotta by an order which was served on Siegel on January 25, 1939, though it does not appear whether "proof of notice" was ever filed in the district court, as required by § 25a, 11 U.S.C.A. § 48 (a). On February 21, 1939, Siegel, wishing to appeal from the order, and supposing that he must get leave from this court, filed a proper petition for that purpose with a notice of motion. The question is whether the appeal papers were served in season, assuming, as we do, that the notice of motion may be taken as the equivalent of a notice of appeal, since no leave was necessary. London v. O'Dougherty, 2 Cir., 102 F.2d 524.

Section 25a of the Bankruptcy Act, 11 U.S.C.A. § 48(a), as it now stands declares that "appeals * * * shall be taken within thirty days after written notice * * of the entry of the judgment * * proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry". The appellant's theory is that this clause must be read in the alternative: if the appellee does not serve the order, the appellant must appeal within forty days; but if he does serve it, the appellant has thirty days from the time of service whenever it is served. Literally, the words can certainly be so read, but the results are then quite absurd. For example, if the appellee waits more than forty days to serve the order, so that the time to appeal has already expired, service will revive the right. Again, if the appellee serves the order but neglects to file "proof of notice"; the appeal is shut off in forty days, for the notice has not been served and filed. Surely the appellee may not cut off the appellant's time to appeal by failing in his duty to file the notice; and in general it would be very strange if notice to the appellant were to give him a longer time to appeal then he had without it. The purpose of the section was probably to promote notice of entry to the other side: such a construction would make it unlikely, unless it were made within ten days.

We think that the meaning is reasonably plain. It has always been the uniform custom in federal courts, so far as we know, to make the time to appeal begin with the entry of the judgment, not with its service upon the putative appellant: that the New Rules of Civil Procedure (28 U.S.C.A. following section 723c) have not changed. The Chandler Act has preserved that custom, though it has lengthened the former time by ten days. Thus the appellant must at his risk keep watch upon the entry of an order. But he may not have his full forty days; the appellee can cut it down by serving the judgment within ten days and filing the notice within five days thereafter. We cannot ascribe any consistent and intelligible purpose to the clause, unless we read it in this way, and we hold that this is its meaning.

Appeal dismissed.