## In re BUTTS.

## BUTTS v. CLANCY.

## No. 21.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1941.

Barry M. Caruth, of New York City, for appellant.

Atwater & Clarke, of New York City (Thomas H. Lee, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant was adjudicated bankrupt on November 30, 1938, upon his voluntary petition. No meeting of creditors was held, and on April 21, 1939, the referee in bankruptcy closed the estate for failure of the bankrupt to deposit the required indemnity of $19, which the referee had demanded on April 6th. Thereafter on January 24, 1940, the appellee obtained a judgment against the appellant in an action in contract brought in a state court. The appellant forthwith secured from the bankruptcy court an ex parte order reopening the proceeding and referring the same to a referee in bankruptcy. On the following day, January 25th, the bankrupt obtained another ex parte order staying the judgment creditor from further proceedings to collect his judgment, except in bankruptcy. Nothing further occurred in the bankruptcy proceeding until the judgment creditor moved, by an order to show cause dated May 13, 1940, that the estate be closed and the stay of January 25th be vacated. After a hearing, at which the bankrupt tendered a check for $19 payable to the referee, the creditor's motion was granted by an order entered June 6, 1940. Thereupon the bankrupt moved to vacate such order. This motion was denied by an order entered June 14th. On July 3, 1940, the bankrupt filed notice of appeal from the orders of June 6th and 14th and the show cause order of May 13th.

The appeal from the order of May 13 must be dismissed. It was not taken within 30 days as required by section 25, 11 U.S.C.A. § 48; see In re Glazer's, Inc., 2 Cir., 66 F.2d 513; Siegel v. Margiotta, 2 Cir., 102 F.2d 525.

Section 2, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(8) empowers the bankruptcy court to close estates for failure to furnish "the indemnity necessary for the expenses of the proceeding or take the steps necessary for the administration of the estate; and reopen estates for cause shown." As this court said in In re Perlman, 2 Cir., 116 F.2d 49, 50, what constitutes "cause" for reopening a closed estate lies primarily within the discretion of the district judge, and only for plain abuse of discretion should his decision be reversed. We there held that the Act contemplates expedition in calling the first meeting of creditors and that a bankrupt should not be permitted to delay the meeting for seven months to suit his own convenience. There the bankrupt's excuse for failure to deposit the indemnity was that he was employed by a bank and could not get away during working hours to attend the first meeting of creditors, if it should be called. Here the bankrupt's excuse is that he has been unable to comply with the referee's request for indemnity because of lack of money. But this excuse is far from convincing, for it appears that from April 17,

1939, to July 29, 1939, he was employed at $60 per week and since July 31, 1939, he has been earning $300 per month; and, in an attempt to substantiate his inability to pay the indemnity, his own affidavit discloses that he has expended several hundred dollars in repayment of debts not listed in his schedules. This is an admission that he was in possession of funds sufficient to make the small indemnity deposit but preferred to use them to apply on debts that would not be discharged by bankruptcy. In short, he wanted the benefits of the bankruptcy proceeding as against scheduled creditors but was unwilling to assume the burdens which the Act imposes on a bankrupt. For more than nine months after receiving the referee's demand for indemnity, the bankrupt made no effort to comply. Only when the appellee had reduced his claim to judgment, did the appellant move to reopen the estate and again seek cover under bankruptcy; but even then he failed to tender the required indemnity until four months more had passed and the judgment creditor moved for an order closing the estate. Moreover, after the bankrupt had allowed the referee's order of April 21, 1939 to remain in effect for nine months, there was reason to believe that he had abandoned the proceeding, and the creditor acted on that belief. He incurred the expense of retaining an attorney, coming on from Washington, waiting here two days, going to trial, getting judgment and serving a garnishment notice. What these expenses were does not appear but obviously they must have amounted to a substantial sum. In the case of In re Stilwell, 2 Cir., 120 F.2d 194 we held that a creditor could not prevent the revival of a bankrupt's petition for discharge, which had been in abeyance for nine years for failure to pay expenses of the proceeding, without showing an intentional abandonment of the proceeding by the bankrupt or prejudice to the creditor by reason of the delay. This requirement is stricter than the doctrine discussed by this court in In re Perlman, 2 Cir., 116 F.2d 49; but assuming that the later Stilwell rule should likewise be applied in respect to closing estates, its requirement of prejudice to the creditor is satisfied in the case at bar. By reason of the bankrupt's delay in moving to reopen the closed estate, when it is clear that he could, long before, have squeezed $19 for the indemnity out of his monthly salary of $300, the creditor was put to the trouble and expense of litigation in the state court.

Under the circumstances disclosed by this record we cannot say that the district judge abused discretion in entering the orders of June 6th and 14th. They are affirmed.