## BAYLOR v. 1775 BROADWAY CORPORATION et al.

### No. 75.

Circuit Court of Appeals, Second Circuit.

Dec. 20, 1944.

Theodore T. Baylor, of New York City, pro se.

Cadwalader, Wickersham & Taft, of New York City (F. Sims McGrath and Charles Trynin, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

In a proceeding for reorganization of 1775 Broadway Corporation commenced in 1935, the appellant, as attorney for a creditor holding $10,000 of the debtor's notes, objected to the inclusion in the proposed plan of reorganization of a provision releasing the trustee under an indenture securing holders of the debtor's notes from liability to noteholders. The appellant also conducted a short examination of the indenture trustee. The release provision was deleted from the plan approved by the district court and its order was affirmed on appeal. In re 1775 Broadway Corporation, 79 F.2d 108. For his services in the 77B, 11 U.S.C.A. § 207, proceeding the appellant was awarded and paid $2500. The plan of reorganization was consummated and in January 1937 a final order was entered closing the proceeding. Thereafter Broadway & 58th Street Corporation, successor to the debtor's assets and liabilities, prosecuted an action against the indenture trustee and obtained a judgment which was settled in June 1943 for approximately $1,-275,000. Shortly thereafter, in January 1944, the appellant moved to reopen the bankruptcy proceeding in order that he might apply for additional compensation. He contends that but for his opposition to the release the successor corporation could not have made its large recovery; that his examination of the trustee supplied information beneficial to the successor corporation in its litigation; and that until the settlement was obtained no one could know how valuable were his services in the 77B proceeding; therefore, he says, the proceeding should be reopened and he should be awarded an additional fee of $75,000.

■ A motion to reopen a bankrupt estate is addressed to the discretion of the district judge and is reviewable only for abuse of discretion. Mohonk Realty Corporation v. Wise Shoe Stores, 2 Cir., 111 F.2d 287, 289, certiorari denied 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418; In re Butts, 2 Cir., 123 F.2d 250, 251. We see no abuse of discretion in the case at bar. The advantageous settlement was obtained by the efforts and skill of the new company's attorneys and by means of a procedure (judgment creditor's suit to reach assets fraudulently conveyed) never suggested by appellant. Whether he was the only attorney who objected to the release is a matter in dispute, but in any event Judge Patterson was at no time favorable to it. When the appellant applied for an allowance for services in the 77B proceeding he alleged that the elimination of the release

provision made it possible for the note-holders to assert claims against the trustee to the extent of $1,390,000 and that he believed their claims can be established to that extent; yet he asked for only $5,000 for all his services and was content to accept the $2500 which the court awarded. We find no error in refusing to open the proceeding for reappraisal of his services. Order affirmed.