## In re OSTERMAYER.
### No. 12834.

District Court, D. New Jersey.

Dec. 11, 1947.

Edward Sachar, of Plainfield, N. J., for petitioner.

FORMAN, District Judge.

Petitioner avers that it is the holder of an instrument of conveyance of certain real estate in the Borough of South Bound Brook, New Jersey, made to it by one, Adolph Friedman. He acquired the prop-erty by way of a deed from Emanuel Weitz, the Trustee in Bankruptcy in the above case. This conveyance was confirmed by an order of this court dated July 26, 1929. The Trus-tee's vendee lost his deed and never record-ed it. The Trustee was discharged on Janu-ary 16, 1931 (petitioner recites December 9, 1929, as the date of his discharge). Some time thereafter the Trustee executed and delivered to Friedman another deed to re-place the lost one. The petitioner desires to convey the property but its proposed vendee declines to accept the title from it on the ground that the Trustee was without power to give the substitute deed after he had been discharged and that the Trustee's vendee, Friedman, is without record title. Petition-er therefore prays that the estate be reopen-ed so that a trustee may be appointed to exe-cute another deed.

Counsel cites no authority under which an estate has been reopened under such cir-cumstances and the only case we find with conditions that approach the instant appli-cation is In re Minners, S.D.N.Y., 1918, 253 F. 300 in which the court granted a reopen-ing to the purchaser of real estate from a Trustee in Bankruptcy because the sale had been made without notice to creditors and had never been confirmed by the court. The court found that Section 2, sub. a (8), of the Bankruptcy Act, Act of July 1, 1898, c. 541, 30 Stat. 545, 11 U.S.C.A. § 11, sub. a (8), empowered it, among other things, to "close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administer-ed." The court held that the sale was not legally perfected and so the estate was clos-ed without being fully administered. There-fore it directed the reopening.

The bankruptcy proceeding before us was completely administered before it was clos-ed. The failure to record the instrument of title received by the purchaser from the Trustee and his loss of it can hardly be charged as items lacking in the full adminis-tration of the estate. They are entirely ex-traneous thereto.

Under the present Bankruptcy Act the power to reopen an estate only when it appears that it was not "fully administered"

has undoubtedly been widened. Chapter 2, Section 11, sub. a (8), now provides the court with authority to close estates under given conditions "and reopen estates for cause shown." 11 U.S.C.A. § 11, sub. a (8). The words "for cause shown" are not defined in the act but obviously the discretion so vested in the court should be exercised only where extraordinary conditions are shown calling for such relief.

These are not found to be present in the instant application. The completed bankruptcy proceeding discloses an order of this court confirming the sale to the Trustee's vendee. Fortunately he is available to give evidence as to his possession of a deed from the Trustee and its loss by him. If the petitioner finds itself embarrassed by the declination upon the part of its prospective vendee to accept its present evidence of title it may have the same established by judgment pursuant to the provisions of the Lost Or Destroyed Instruments Act of the State of New Jersey, N.J.S.A. 2:62–1 et seq., designed to give relief under such circumstances. The showing made by the petitioner is inadequate to support an order reopening the estate as it has requested. See 1 Collier on Bankruptcy, 14th Ed., pp. 230 et seq., 1946 Supp. pp. 50 et seq.

The clerk of the court will make a minute of the denial of the application of petitioner in conformity with this opinion.