**In the Matter of Herbert KLEIN, Bankrupt.**

**No. 63–B–686.**

United States District Court
E. D. New York.

April 13, 1965.

---

and the bankrupt was discharged on September 13, 1963. During the pendency of those proceedings the bankrupt's right, title and interest in the real property in question, together with his right, title and interest in two motor vehicles owned by him, were sold to his wife for the sum of $200, a sale which was approved by Hon. Sherman D. Warner, Referee in Bankruptcy, by order dated September 12, 1963.

The claim on which the judgment was based was discharged in bankruptcy but the trustee did not move to discharge the lien of the judgment, which was acquired within four months of the filing of the petition.

The judgment creditor now makes this motion on the ground that the *bankrupt's wife*, rather than the *bankrupt estate*, would benefit from the reopening thereof, and contends that the existence of unadministered assets from which the *estate* would benefit is the only basis for the reopening thereof.

The bankrupt's wife contends that she has shown the "good cause" required by Section 2, sub. a(8) of the Bankruptcy Act (Section 11, sub. a(8) of Title 11, U.S.Code), and that the determination as to whether "good cause" has been shown rests in the discretion of the Court.

Prior to the enactment of the Chandler Act in 1938, Section 2(8) of the Bankruptcy Act (Section 11(8) of Title 11, U.S.Code) provided that this Court had power to reopen estates "whenever it appears they were closed *before being fully administered.*" (Emphasis mine). The Chandler Act broadened the Court's power by amending the aforesaid Section to provide that it had the power to "reopen estates *for cause shown.*" (Emphasis added) [Section 2, sub. a(8) of the Bankruptcy Act (Section 11, sub. a (8) of Title 11, U.S.Code)].

The cases decided after the enactment of the Chandler Act hold that a motion to reopen a bankrupt estate is addressed to the sound discretion of the District Judge. See Mohonk Realty Cor-

Otterbourg, Steindler, Houston & Rosen, New York City, Burton D. Strumpf, New York City, of counsel, for the motion.

Leinwand, Maron & Hendler, New York City, Stanley B. Hendler, New York City, of counsel, in opposition.

RAYFIEL, District Judge.

This is a motion to vacate my ex parte order of January 26, 1965 which permitted the reopening of this estate for the purpose of re-electing the trustee so that he could move to discharge the lien of a judgment against the bankrupt on a parcel of real estate owned by the bankrupt and his wife as tenants by the entirety. The voluntary petition in bankruptcy herein was filed on July 12, 1963

poration v. Wise Shoe Stores, 2 Cir., 111 F.2d 287; In re United Brick & Tile Co., D.C., 94 F.Supp. 269; Collier on Bankruptcy, 14th Edition, Volume 1, 2.49, page 267. This discretion, however, may not be abused. Judge Browning, in the case of Hull v. Powell, 9 Cir., 309 F.2d 3, defined the bounds of judicial discretion, at page 4, as follows:

"A court of bankruptcy is authorized to reopen an estate 'for cause shown.' The power thus conferred is broad, but not unlimited. *Its exercise is conditioned upon a showing that the public interest and the purposes of the Bankruptcy Act will be served by further administration of the estate.*

*"We are aware of no other case in which an estate has been reopened on the petition of one who asserted no more than that an unresolved potential claim of the estate constituted a cloud upon his title. It has been held improper to reopen an estate for the purpose of clarifying the title of the bankrupt or his vendee, or even the title of a vendee of the trustee."* (Emphasis supplied.)

The cases of Saper v. Viviani, 2 Cir., 226 F.2d 608, and In re Ostermayer, D.C., 74 F.Supp. 803, were cited in support of those principles in footnotes appended to the decision.

The bankrupt's wife relies principally on the case of In re Minners, D.C., 253 F. 300 in which a purchaser of real property from the trustee asked the Court to reopen an estate so that a meeting of creditors could be called to confirm the sale which was made without notice to them. Judge Augustus N. Hand, at page 301, gave his reasons for reopening the estate as follows:

"The purchaser's vendee is a party interested in the estate within the meaning of such decisions as In re Chandler, 7 Cir., 138 F. 637, 71 C.C. A. 87. He is either entitled to have a deed from the trustee properly authorized, *or to receive back from*

*the creditors the* consideration paid." (Emphasis mine.)

The case at bar is clearly distinguishable from that case. Here the trustee was authorized to sell the bankrupt's right, title and interest in the property for a nominal sum. He executed an appropriate deed, which was accepted and recorded by the purchaser.

In my opinion, it would be an abuse of discretion to reopen this estate. Accordingly, the motion to vacate my ex parte order of January 26, 1965 is granted. Settle order on notice.