Theodore W. **KHEEL** and Raymond J.
Scully, Intervening Claimants-
Appellants,

v.

**BETHLEHEM STEEL COMPANY**, a cor-
poration, Intervening Libelant-
Appellee.

No. 20044.

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1965.

John C. McLean, Alfred A. Hampson,
Rives & Rodgers, Portland, Or., for ap-
pellants.

William F. White, White, Sutherland
& Gilbertson, Portland, Or., Daniel Hut-
ton Brauck, Mendes & Mount, New York
City, for appellee.

Before MADDEN, Judge of the Court
of Claims, and HAMLEY and MERRILL,
Circuit Judges.

HAMLEY, Circuit Judge:

This is an appeal from an order of the
United States District Court for the Dis-
trict of Oregon upholding the claim of
Bethelehem Steel Company (Bethlehem)
for a preferred maritime lien against the
S.S. SOUTHAMPTON in the amount of
$36,691. The court ordered payment to
Bethlehem of that sum out of the funds
in the registry of the court derived from
the sale of the vessel.

The appeal is brought by Theodore W.
Kheel and Raymond J. Scully, trustees in
proceedings under Chapter X of the
Bankruptcy Act pending in the United
States District Court for the Southern
District of New York. One of the
debtors in the Chapter X proceeding is
Kulukundis Maritime Industries, Inc.
(Kulukundis), the owner of the SOUTH-
AMPTON at the time she was libeled and
sold in the Oregon proceedings. Appel-
lants appeared in the Oregon proceed-
ings to protest the interest of the general
creditors of Kulukundis by contesting
lien claims that were regarded as ex-
cessive or without merit, and by assert-
ing a claim to any surplus remaining
after payment of maritime liens.

Appellants do not deny that Bethlehem
originally acquired a maritime lien
against the SOUTHAMPTON for the
reasons and in the amount claimed. But
they contend that payments subsequent-
ly made to Bethlehem on promissory
notes covering several matured debts, in-
cluding the debt involving the SOUTH-
AMPTON, should have been applied rata-
bly by the court to all the included debts
so as to reduce the lien on the SOUTH-
AMPTON pro rata. The payments made
on the notes constituted 67.5% of the

total indebtedness. Appellants therefore contend that the court should have allowed and ordered payment of Bethlehem's claim only to the extent of 32.5% thereof, *i. e.,* only for $11,924.57 instead of $36,691.00.

This contention was not presented at the district court hearing, which was held on November 19, 1963.[1] It was made for the first time as one of three contentions advanced in a memorandum submitted to the district court on August 28, 1964, by counsel for Marine Midland. In the letter transmitting this memorandum it was stated that "Mr. Hampson [counsel for appellants] authorizes me to say that the Trustees also oppose this claim." Counsel for Bethlehem submitted an answering memorandum on August 31, 1964, labeling Marine Midland's "belated contention" as only a " 'cuttle-fish' defense."

Explaining why Marine Midland had raised this new question at that late date, counsel for Marine Midland wrote in his letter transmitting the August 28th memorandum:

> "This week is the first time I have carefully studied the documentary evidence in support of Bethlehem's claim. In the early stages of this case, and when our first memorandum was written, there were so many claims that in some cases we could only give them superficial examination."

In the letter referred to above, Marine Midland in effect moved to reopen the proceeding to permit consideration of this new pro-rating question and the other questions discussed in the accompanying memorandum.

The order under review, entered on October 30, 1964, contains no findings or conclusions bearing explicitly upon this new contention. It may be implied from this that the court denied the motion to

reopen for consideration of the pro-rating question raised by Marine Midland. The latter party apparently accepted this disposition of the question for it raised no further objection in the district court and did not appeal.

Up to that time appellant trustees had never raised the point, unless this is to be assumed from the statement in Marine Midland's letter of August 28, 1964, that counsel for the trustees "also oppose this claim." But this could hardly be regarded as joinder in this new pro-rating contention since appellants had always opposed the Bethlehem claim on other grounds.

After the final order of October 30, 1964, authorizing payment of the Bethlehem claim had been entered, appellants filed written objections to the order and a request for findings, presenting the same pro-rating contention which was first advanced in Marine Midland's memorandum of August 28, 1964. These objections and requests were disregarded by the district court, apparently on the theory that they came too late.

Bethlehem asserts that, in view of the circumstances reviewed above, the pro-rating question which appellants raise on this appeal was not timely presented in the district court and on that ground alone we should affirm.

 We agree. As before stated, the district court's disregard of the question, when first raised by another party long after the close of the trial, in effect represents denial of a motion to reopen. Trial court action on such a motion is not to be overturned except for an abuse of discretion. As this court recently said in California Airmotive Corporation v. Bass, 9 Cir., 354 F.2d 453:

> "It is important to litigants and the public alike that there be effective and expeditious disposition of disputes which reach the courts, and

---

1. As a matter of fact, at the November 19, 1963 hearing, no party before the court, although invited by the court to do so, raised any question concerning the amount of the Bethlehem claim. The only questions concerning that claim, raised

at the hearing, had to do with its validity; laches and the problem of identifying the S.S. SOUTHAMPTON as the vessel on which Bethlehem had done the work were the sole subjects of inquiry.

this consideration is remarkably important in matters of bankruptcy."

In Bass, under circumstances far less aggravated than those of the case now before us, we upheld the referee's exercise of discretion in refusing to reopen a hearing.

We hold that the district court did not abuse its discretion, under the indicated circumstances, in refusing to reopen the trial for consideration of the new pro-rating argument.

Affirmed.