**In the Matter of John Calvin BARLEAN and Betty Lou Barlean, Bankrupts.**

**No. BK–66–64–B.**

United States District Court
D. Montana,
Great Falls Division.

Feb. 5, 1968.

Marvin J. Smith, of Smith & Emmons, Great Falls, Mont., for bankrupts.

Orville Gray, Great Falls, Mont., referee in bankruptcy.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This case arises out of the entry of the United States into the installment credit business.[1]  On April 20, 1966 John Calvin Barlean and Betty Lou Barlean filed a petition in bankruptcy.  On May 10, 1966 the first meeting of creditors was held and the Barleans were granted permission to pay the filing fees of $100.00 in installments.  The last installment was due October 20, 1966.  The fees were not paid, and on November 8, 1966 the Barleans asked for an additional three months within which to pay.  The referee granted the additional three months. On February 16, 1967, no part of the fees having been paid, the referee entered an order denying a discharge.  On the same

---

1. General Order 35(4), 11 U.S.C. foll. § 53.

day, since the estate contained no assets, the trustee's report was approved and the estate was closed.

On October 27, 1967 the Barleans filed a motion to "vacate the order issued by the Referee in Bankruptcy on February 16, 1967, which dismissed the bankruptcy petition of said bankrupts for failure to pay the filing fee." The motion is based on the ground that during the period involved the Barleans' financial situation was such that they simply could not pay. A hearing was held after notice to creditors, none of whom appeared to object, and it appeared from the evidence that the Barleans were in extreme financial difficulties. The court concludes from the evidence that sufficient money passed through the Barleans' hands to have enabled them to pay the fees, but that from a humanitarian standpoint and in light of the health and other needs of their six children, the choice to spend their relatively meagre funds on family support rather than bankruptcy fees was well made.

It is to be noted that the referee first made an order denying a discharge and then made an order closing the estate. It may be that 11 U.S.C. § 32(c) (8) providing that the court shall grant the discharge unless the bankrupt "has failed to pay the filing fees required to be paid by this title in full" does nothing more than require the payment of fees as a condition precedent to discharge and does not authorize the referee to enter an order denying a discharge. The problem seems academic, however, because if the referee does what seems to be contemplated and dismisses the proceeding [2] instead of doing what was done here, the result is the same—in either event the proceeding is closed and the discharge is not granted. The court, therefore, considers this case in exactly the same manner as it would consider a case in which an order of dismissal for failure to pay costs had been entered.

May the court now under 11 U.S.C. 11(a) ·(8), which grants to the court power to re-open estates for cause shown, re-open a proceeding which has been in effect dismissed for failure to pay filing fees? If the Barleans had come before the referee on February 15, before the estate was closed and stated that the diversion of $100.00 to filing fees would result in the starvation of their children, the referee could not have granted additional time. His authority to extend time for good cause was exhausted when he granted the additional three months.

It seems almost irrefragable that the words "cause shown" in the context of 11 U.S.C. § 32(c) (8) refer to causes which, if known to the officers making the decision or order, should have changed the decision or order. Since the referee's order could not have been any different had the now asserted cause been fully stated at the time that the order was made, it would seem that the order or decision should not be now altered on the basis of that asserted cause.

The power to re-open after dismissal for failure to provide indemnity for costs under General Order 10,[3] which is not unlike the failure here, has been asserted.[4] General Order 10, however, does not provide a rigid time schedule, and a referee acting within his discretion might well grant extensions of time for the accomplishment of the acts for which the indemnity is to be provided. Such is not true under the express law relating to filing fees, and for that reason the cited cases do not control here.

Since the referee reached the correct result at the time he acted, and since no cause is now shown which if shown at the time of the closing of the estate would have altered the result, the motion to re-open is denied.

2. General Order 35(4) (b), 11 U.S.C. foll. § 53, and 11 U.S.C. § 95(g).

3. 11 U.S.C. foll. § 53.

4. In re Perlman, 116 F.2d 49 (2d Cir. 1940); Perlman v. 322 West Seventy-Second Street Co., 127 F.2d 716 (2d Cir. 1942); In re Butts, 123 F.2d 250 (2d Cir. 1941).