**Samuel L. BARE, III, Appellant,**

v.

**The MOUSETRAP OF MIAMI, INC., Appellee.**

No. 77–1389.

United States District Court,
S. D. Florida,.
Civil .Division.

Feb. 8, 1979.

---

Manker, Schenerlein & Stafford, Miami, Fla., for appellant.

Frank, Strelkow & Gay, North Bay Village, Fla., for appellee.

## ORDER OF AFFIRMANCE

GONZALEZ, District Judge.

THIS CAUSE came before the Court to review the Order of Dismissal entered by Judge Hyman on December 20, 1976.

*THE FACTS*

On January 7, 1976, The Miami Herald, Inc., Miami Purveyors, Inc., and W. L. Nass & Son, Inc. filed a petition in the United States District Court, Southern District of Florida to have the Mousetrap of Miami, Inc. involuntarily adjudged bankrupt. The Mousetrap of Miami filed a general denial on March 2, 1976; a pretrial conference was held on March 15, 1976; and the cause was set for trial on April 23, 1976.

Prior to trial, on April 22, 1976, the petitioning creditors and the alleged bankrupt filed a joint application for dismissal of the involuntary petition. The Court mailed notice of the proposed voluntary dismissal to the thirty-nine creditors contained on a list of creditors furnished by the president of the alleged bankrupt, Bernice McMahon.

Hearing on the petition for voluntary dismissal was scheduled for May 9, 1976. No objections were filed and no creditors appeared at the hearing to object. On May 27, 1976 a final order of dismissal was entered by Judge Hyman.

Two months later, Samuel L. Bare, III, filed a motion to set aside the final order of dismissal of May 27, 1976. The movant claimed that he was a judgment creditor of the alleged bankrupt, and that Bernice McMahon, intentionally and fraudulently failed to include him on the list of creditors prepared pursuant to Bankruptcy Rule 120(a). The movant further claimed that he would have objected and still objected to the proposed voluntary dismissal had he been given notice as required by rule.

A hearing was had on Bare's Motion to set aside on September 28, 1976 which resulted in the entry of an Order which conditionally set aside the order of dismissal pending the filing of objections by the movant.

The movant filed his objections to the dismissal and a further hearing was held on the objections on December 12, 1976. On December 20, 1976, Judge Hyman entered an order refusing to set the order of dismissal aside. The Court found that the movant would not be prejudiced by the dismissal, and that no other creditor wished to proceed with the petition.

Bare now seeks review of that order arguing that the Bankruptcy Judge erred in not setting the dismissal aside so as to allow him to proceed under the originally filed petition. Appellant states that upon the filing of the petition by the original three creditors, the bankruptcy court was vested with subject matter jurisdiction to adjudicate the respondent bankrupt. Appellant then states that the withdrawal of any one or all of the original petitioners does not deprive the court of its jurisdiction to proceed. Finally, appellant contends that the Bankruptcy Judge may set aside an order of dismissal where a creditor has not received notice pursuant to the provisions of Rule 120, and proceed to an adjudication even though the original petitioners do not wish to proceed.

While appellant is correct in asserting that the Bankruptcy Judge could have set aside the order of dismissal and proceeded to an adjudication notwithstanding the absence of the three original petitioning creditors, *In Re: J. H. Ward Farming Co.*, 295 F. 60 (5th Cir. 1924); he was not compelled to do so. See 9 Am.Jur.2d, *Bankruptcy* § 1271, et seq.

The decision to reopen a closed bankruptcy is committed to the sound judicial discretion of the Bankruptcy Judge. *In Re: Haker*, 411 F.2d 568 (5th Cir. 1969); *In Re: Matter of Seats*, 537 F.2d 1176 (4th Cir. 1976); *Bartle v. Markson*, 357 F.2d 517 (2nd Cir. 1966); *Kheel v. Bethlehem Steel Company*, 355 F.2d 187 (9th Cir. 1965). While only laches will limit the filing of a petition to reopen, *Traub v. Marshall Field & Company*, 182 F. 622 (5th Cir. 1910); *Harris v. Warshawsky*, 184 F.2d 660 (2nd Cir. 1956), the petitioner must establish good cause for granting a motion to reopen. *In Re: Klein*,

244 F.Supp. 910 (D.C.N.Y.1965). This has been held to necessitate a showing that the public interest will be served by reopening. *In Re: Klein, id.* Where it would be inequitable or unwise to reopen, the petition should be denied. *In Re: Haker, supra;* *In Re: Thomas*, 204 F.2d 788 (7th Cir. 1953); *Baylor v. 1775 Broadway Corp.*, 146 F.2d 487 (2nd Cir. 1944); *Heywood-Wakefield Company v. Small*, 96 F.2d 496 (1st Cir. 1938); 41 A.L.R.2d 1014 § 11.

The Bankruptcy Judge conducted an evidentiary hearing at which he considered the testimony of a number of witnesses, plus the parties; and the record in the case as it bore upon movants allegations of intentional fraud and good cause.

This Court concludes that the Bankruptcy Court's decision not to reopen this case following a full hearing on the issues raised by movant, and where only one of thirty-nine creditors objected to the dismissal of the original petition does not constitute such a "plain abuse of discretion" as would justify disturbing the order of the Bankruptcy Judge. See e. g. 3 Collier on Bankruptcy (14th ed. 59.34 at 655).

It is thereupon

ORDERED AND ADJUDGED that the decision of the Bankruptcy Court is hereby AFFIRMED.