In re Douglas E. SHEERIN and Patricia L. Sheerin, Debtors.

ROCKLAND TRUST COMPANY, Appellant,

v.

Douglas E. SHEERIN and Patricia L. Sheerin, Appellees.

Bankruptcy No. 81-9019.

United States Bankruptcy Appellate Panel for the First Circuit.

July 9, 1982.

Smith & Smith by Jacob W. Smith (orally), Scituate, Mass., and Robert M. Bent (on brief), Scituate, Mass., for appellant Rockland Trust Co.

Before VOTOLATO, Chief Judge, and JOHNSON and GABRIEL, Bankruptcy Judges.

JOHNSON, Bankruptcy Judge.

The issue presented on this appeal is whether the bankruptcy court abused its discretion in refusing to reopen a closed bankruptcy case in order to grant a creditor an extension of time to file a complaint to determine the dischargeability of its claim.

We affirm.

The debtors filed a joint Chapter 7 petition on July 18, 1980. On July 23, 1980 the court set August 18, 1980 as the date for the first meeting of creditors and September 18, 1980 as the last date for filing complaints to determine dischargeability of

debts under 11 U.S.C. § 523(a)(2), (4) or (6).[1]

The appellant, Rockland Trust Company did not file a complaint before the bar date, September 18, 1980; instead, its counsel and counsel for the debtors engaged in discussions which the appellant believed would result in a reaffirmation agreement. No such agreement was ever reached.

The debtor's discharge was entered on September 23, 1980.[2] On November 24, 1980 the appellant filed a motion for leave to file a complaint to determine the dischargeability of its claim, together with an affidavit in support of its motion. On November 28, 1980, before a hearing was held on the appellant's motion, the case was closed.[3]

On January 28, 1981 the appellant's motion to permit a late filing of a complaint to determine the dischargeability of a debt came on for hearing. The court would not hear the motion because the case was closed, and instructed the appellant to file a

motion to reopen the closed bankruptcy case; such a motion was filed on February 10, 1981. Appellant's motion was heard on April 15, 1981 and was denied on the same date by notation on the margin of the motion: "4/15/81 Denied after hearing."

▪ The reopening of closed cases is governed by 11 U.S.C. § 350(b), which allows a court to reopen a case "to administer assets, to accord relief to the debtor or for other cause." The appellant obviously relied on the "for other cause" provision in Section 350(b) in its effort to reopen this closed case. It is within the sound discretion of a bankruptcy court to reopen a case or refuse to do so. *See* Collier on Bankruptcy ¶ 350.-03 (15th ed. 1981), at 350–6. *See also Wragg v. Federal Land Bank of New Orleans,* 317 U.S. 325, 63 S.Ct. 40, 87 L.Ed. 493 (1943); *Matter of Seats,* 537 F.2d 1176 (4th Cir. 1976); *Bare v. Mousetrap of Miami, Inc.,* 465 F.Supp. 130 (S.D.Fla.1979); *In re Williams,* 17 B.R. 204 (Bkrtcy.W.D.Ky. 1982).[4]

---

1. Bankruptcy Rule 409(a)(2) requires the court to set this bar date; in pertinent part it provides:

   (a) . . .

   (2) *Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.* The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors . . . The court shall give creditors at least 30 days' notice of the time so fixed . . . The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

   11 U.S.C. § 523(c) has replaced Section 17c(2) of the old Bankruptcy Act. Under Section 523(c) the debtor shall be discharged from a debt specified in Section 523(a)(2), (4) and (6) of the Code unless upon a complaint timely filed by the creditor and after hearing, the court determines such debt to be excepted from discharge. The times fixed by Bankruptcy Rule 409(a)(2) are not inconsistent with the Code and remain in effect. *See* Pub.L. 95–598, title VI, Transition, Section 405(d).

2. We observe that although the debtors' discharge was granted on September 23, 1980, the discharge hearing was not scheduled and held until October 30, 1980. The granting of a discharge prior to the discharge hearing is a ques-

tionable practice. A problem arises when the debtor attempts to reaffirm a dischargeable debt.

11 U.S.C. § 524(c) requires the court to approve those agreements reaffirming debts not secured by real property of the debtor. Reaffirmation agreements should be approved prior to the granting of the discharge. *See* 124 Cong. Rec.H.R. 11,096 (Sept. 28, 1978); S. 13,413 (Oct. 6, 1978); *see also In re Miller,* 13 B.R. 697, 7 B.C.D. (CRR) 1334, 1335–36 (Bkrtcy.E.D. Pa.1981). Since the court deals with reaffirmation agreements at the discharge hearing as provided by 11 U.S.C. § 524(c) and (d), it necessarily follows that the discharge should not be granted prior to the discharge hearing.

3. We assume the case was closed inadvertently.

4. Prior to the enactment of the Code, Bankruptcy Rule 515 governed the reopening of closed cases. In pertinent part, Rule 515 provides that:

   A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause.

   This provision is not inconsistent with Code Section 350(b) and is unaffected by the Code. *See* 2 Collier on Bankruptcy ¶ 350.03 (15th ed. 1981) at 350–6.

   The case law interpreting this portion of Rule 515 is applicable to Code Section 350(b). *See*

 The bankruptcy court's refusal to reopen a closed case can be overturned only upon a showing that the failure to reopen was an abuse of discretion. *Matter of Seats*, 537 F.2d 1176 (4th Cir. 1976); *Bare v. Mousetrap of Miami, Inc.*, 465 F.Supp. 130 (S.D.Fla.1979); *In re Williams*, 17 B.R. 204 (Bkrtcy.W.D.Ky.1982).

In *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954), abuse of discretion is defined as follows:

> 'Abuse of discretion' is a phrase which sounds worse than it really is. All it need mean is that, when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.

*See also Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980).

 We conclude that the court below did not commit a clear error of judgment; the record indicates that the bankruptcy court's decision that the appellant had failed to establish cause for reopening the case is supported by the evidence, which shows that the appellant, experienced in business affairs, failed to timely file a complaint to determine dischargeability despite having received notice of the bar date shortly after the case was filed.[5] Its excuse, as gleaned from the brief transcript of the hearing and from the affidavit in support of its motion for an extension of time, was that discussions were underway with debtors' counsel regarding the reaffirmation of the debt owed to it. The transcript reveals that the bankruptcy court considered appellant's excuses as well as the merits of its dischargeability case and, in effect, ruled that there was not sufficient cause to reopen this closed, no asset, bankruptcy case.

*Matter of Montney*, 17 B.R. 353, 8 B.C.D. (CRR) 931 (Bkrtcy.E.D.Mich.1982).

The bankruptcy court's decision not to reopen the case was clearly within the limits of its discretionary authority and is, therefore, affirmed.

5. The appellant could have protected itself by seeking an extension of time in which to file its complaint, for cause, before the bar date, pursuant to Rules 409(a)(2) and 906(b)(1).