### In re ALLVEND INDUSTRIES SNACKS BY TOMS, INC., Debtor.

**Bankruptcy Nos. 73 B 1050, 73 B 1060.**

United States Bankruptcy Court,
S.D. New York.

May 9, 1983.

Gerald D. Broder, New York City, for debtor.

Monasch, Chazen & Stream, Ballon, Stoll & Itzler, New York City, for Toms Foods.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

On June 10, 1982 petitioner Weiss, president of Allvend Industries, Inc., ("Allvend") brought a motion before this Court requesting the reopening of the bankruptcy case of Allvend and the vacateur of a 1975 Court approved stipulation of settlement ("Stipulation") entered into between Snacks by Toms, Inc., ("Snacks") an Allvend subsidiary, Allvend and Tom's Foods, Inc., ("Tom's") a secured creditor of Snacks. On June 25, 1982 Tom's moved for dismissal of the Weiss petition.

Allvend's principal arguments focus on two of the major monetary claims asserted by Tom's against Snacks, and ultimately included as part of the 1975 Stipulation.

First, Allvend avers that the first claim, a $234,000.00 debt included in the Settlement Agreement and allegedly owed by Snacks to Tom's in 1974, had been satisfied by the issuance to Tom's of Allvend stock pursuant to a February 1973 agreement. Second, Weiss asserts that an administration claim in the amount of $117,000.00 should not have been allowed.

Tom's seeks to dismiss the Allvend action, asserting: (1) that the documentary evidence presented by the parties leaves no room for doubt that the final 1973 agreement from which the $234,000 debt arose contemplated payment by issuance of a note which, at the time of the 1975 settlement, was still outstanding; and (2) that the administrative claim of $117,000 was knowingly agreed to by all parties after lengthy discussion and with advice of counsel and therefore, the doctrine of *res judicata* should preclude relitigation of this claim. Finally, Tom's suggests that the general releases provided to Tom's by Allvend and Snacks as part of the Settlement Agreement bar Weiss from raising any and all of the arguments raised in Allvend's motion to reopen. Tom's also raises certain procedural arguments which this Court, given its determination, need not address.

This Court, after considering the papers submitted, the arguments presented and the applicable law, denies both the motion to reopen the bankruptcy cases and the request to vacate the Stipulation.

*Background*

In February 1973, Snacks entered into an agreement to become a New York distributor for Tom's Foods, Inc., a food processor. The agreement called for Snacks to assume approximately $234,000 of liabilities owed to Tom's by Tom's prior New York distributors. Tom's was to be a secured party and Allvend Industries was to be a guarantor of Snack's obligation. Different methods of satisfying this debt were considered and two different contracts were drawn up. One contract called for payment through the issuance of Allvend stock and the other contract called for payment through the issuance of a note from Snacks to Tom's

with Allvend as guarantor. In October 1973, Allvend and Snacks filed for protection under Chapter XI of the Bankruptcy Act with Tom's still a major secured creditor. Soon thereafter Tom's, pursuant to two 1973 contracts between the parties, exercised its rights as a secured creditor, terminating Snacks as a distributor, taking possession of Snack's assets, and attempting to run Snack's distributor business. This lead to operational losses assessed at approximately $117,000.00. In June 1974, while still in Chapter XI, Allvend and Snacks commenced an adversary proceeding in this Court against Tom's to "expunge" Tom's claims against them.

In 1975 the parties entered into a stipulation of settlement "with prejudice", whereby approximately $611,000.00 was accepted as the consolidated liability owed to Tom's by Snacks and Allvend. Two of the major components of the settlement were the $234,000 note and the $117,000 administration claim. The Stipulation, *inter alia,* terminated the adversary proceeding regarding the $117,000 claim. A further provision of the Stipulation provided Tom's with general releases from all assertions of wrongdoing then being alleged by Allvend and Snacks.

*Discussion*

Bankruptcy Rule of Procedure 515 states, in pertinent part:

> "A case may be reopened on application by the bankrupt or other persons to administer relief to the bankrupt, or for other good cause."

■ The petitioner has an affirmative duty to establish good cause to reopen. *In re T.H. Shen,* 7 B.R. 942, 947 (D.S.D.Cal. 1980). Unless good cause is shown, relief may be refused. *In re Ampel,* 203 F.Supp. 815, 818 (S.D.N.Y.1962); 1 *Collier on Bankruptcy* ¶ 2.49 (14th ed. 1981). The Court has discretion to reopen a bankruptcy case; however, such discretion should be exercised only where extraordinary conditions are demonstrated. *In re Ostermayer,* 74 F.Supp. 803 (D.C.N.J.1947).

*The $234,000.00 Debt*

■ In the instant case, the first controversy concerns the $234,000 debt and which means of payment, note or stock, satisfied that debt. If the debt was to be satisfied by stock, and if this stock was issued, then the subsequent 1975 Stipulation entered into between the parties may have grossly overstated Snack's and Allvend's liability to Tom's, since the Stipulation amount included the $234,000 debt allegedly outstanding. If, however, the final agreement incorporated payment by a note, then inclusion of the $234,000 debt in the Stipulation was proper.

Confusion exists regarding what constituted the final agreement because two contracts were drawn up, one for stock, one for a note, with some question about which was last in time. However regardless of the dates indicated on the contracts, the documentary evidence submitted by the parties, in particular, an uncontroverted April 10, 1973 acknowledgment letter signed by Mr. Weiss as president of Snacks, convinces this Court that the final agreement between the parties provided for payment by issuance of a note and there is no legitimate dispute as to this matter. No convincing evidence to the contrary has been provided by Allvend nor has Allvend satisfied this Court's request to produce proof that the disputed Allvend stock in question was ever issued to and received by Tom's. In fact, Allvend has produced no new evidence to substantiate its claim that the final agreement was for payment of the debt through the issuance of stock. In light of this failure to produce any credible evidence in support of his motion, this Court finds that the movant has not made the requisite showing, pursuant to Rule 515 concerning the $234,000 debt.

*The $117,000.00 Administration Claim*

The second major area of controversy is whether the movant should be allowed to relitigate allowance of the $117,000 administration claim included in the 1975 Stipulation. Tom's urges this Court to find that any attempt to relitigate the allowance is barred by the doctrine of *res judicata.*

■ Generally, the doctrine of *res judicata* bars relitigation by parties to an action of any matter that was or could have been raised in that action and was disposed of by a final judgment on the merits entered by a court of competent jurisdiction. *See, e.g. Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877).

*Res judicata* has been applied to cases which were not decided on the merits but were settled by entry of consent decrees. *See, e.g., O'Cedar Corp. v. F.W. Woolworth Co.,* 66 F.2d 363, 366 (7th Cir.1933); *Brunswick Corp. v. Chrysler Corp.,* 408 F.2d 335 (7th Cir.1969); 1B *Moore's Federal Practice* ¶ 0.409[5] (2d ed. 1982).

■ Stipulations of settlement, knowingly entered into by parties, and intended to preclude any further litigation on the claim may be given *res judicata* effect. *See Wallace Clark & Co., Inc. v. Acheson Industries, Inc.,* 532 F.2d 846 (2d Cir.1976), *aff'g* 394 F.Supp. 393 (S.D.N.Y.1975), *cert. denied* 427 U.S. 908, 96 S.Ct. 3194, 49 L.Ed.2d 1200 (1976). *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4443 at pp. 384–5 (1983).

■ In the motion now before this Court, the issues raised by Allvend opposing Tom's $117,000.00 administration claim were the subject of a prior adversarial proceeding heard before this Court. The parties, with counsel knowingly entered into a stipulation agreement and general releases were given indicating the intent to settle all claims among the parties. The administration claim was deemed proved and allowed. Allvend now seeks to relitigate the issues concerning that administration claim. A key purpose of *res judicata* is to impart finality. This Court believes that the interests of justice are best served by applying *res judicata* to the Stipulation and bar relitigation of the administration claim determined by that Stipulation.

Apart from the applicability of *res judicata,* Allvend is barred from relitigating the administration claim allowance because the parties exchanged general releases in conjunction with the 1975 Stipulation. The

general releases exchanged by the parties operate as a bar against further pursuit of the claims settled by the Stipulation. *See In re Shen*, 7 B.R. at 946.

The parties intended to settle, *inter alia*, the litigation concerning the $117,000.00 administration claim by entering into the Stipulation. This Court will give *res judicata* effect to that Stipulation and bar relitigation of the claims settled by that Stipulation. Further, this Court will recognize that the exchange of general releases in conjunction with the Stipulation will bar relitigation of the $117,000.00 administration claim.

*Conclusion*

Regarding the $234,000 debt, Allvend has failed to produce sufficient new evidence to meet its burden of showing "good cause" to reopen the bankruptcy case and vacate the Stipulation.

Regarding the $117,000 administration claim, the Court will give *res judicata* effect to the Stipulation knowingly entered into by parties and intended to preclude any further litigation on that claim. Further, the general releases exchanged are effective. Therefore, Allvend is barred from relitigating the administration claim.

Tom's Foods motion to dismiss the Weiss petition is granted.

It is so ordered.