**In re Micahel CALISE, Debtor.**

No. 98–50649.

United States Bankruptcy Court,
D. Connecticut,
Bridgeport Division.

Aug. 13, 2003.

Thomas L. Kanasky, Jr., Bridgeport, CT, for creditor/ movant B & M Investment.

Stephen P. Wright, Harlow, Adams, and Friedman, Milford, CT, for debtor.

## MEMORANDUM OF DECISION

ALAN H.W. SHIFF, Bankruptcy Judge.

### BACKGROUND

On August 3, 2000, creditor B & M Investments filed a motion seeking relief from the automatic stay to continue a foreclosure proceeding against the debtor's real property located at 215 Post Road West, Westport, Connecticut (the "property"). The debtor opposed the motion, and the matter was scheduled for a November 29, 2000 trial. *See September 20, 2000 pretrial order.* On the date of the trial, the parties filed a stipulated settlement which was "so ordered" by the court. Under the settlement, the debtor agreed to make monthly adequate protection payments to B & M in the amount of $10,000 and to pay post-petition real property taxes, until confirmation or dismissal, in exchange for an extension of the automatic stay. On April 11, 2002, B & M renewed its motion, contending that under *In re Canney*, 284 F.3d 362 (2nd Cir.2002), the debtor no longer has any equity in the property. For the reasons that follow, it is determined that the parties are bound by the November 29, 2000 stipulated order, and it is therefore unnecessary to address the applicability, if any, of *Canney*.

■ B & M asserts that it entered into the settlement agreement by mistake because it was unaware that the law might change. That argument, which suggests that the *Canney* decision [1] should nullify the effect of this court's order which reflected an agreement between the parties, is unpersuasive. "Where a party seeks to relitigate an issue concerning an earlier entered stipulation of settlement knowingly entered into by the parties, res judicata applies." *In re Matunas*, 261 B.R. 129, 132 (Bankr.D.N.J.2001), *citing In re Allvend. Indus. Snacks by Toms, Inc.*, 29 B.R. 900 (Bankr.S.D.N.Y.1983). Moreover, B & M concedes that it has already accepted $320,000 pursuant to the agreement.[2] It follows that B & M would be unjustly enriched if it were excused from performing its obligations under the settlement.

Accordingly, the motion is DENIED and it is SO ORDERED.

---

1. As a matter of federal jurisprudence, decisions on issues of federal civil law apply retroactively. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). "When a court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the announcement of the rule." *Margo v. Weiss*, 213 F.3d 55 (2d Cir. 2000).

*In re Aubain*, 296 B.R. 624, 637–38 (Bankr. E.D.N.Y.2003). Even applying *Canney* retroactively, B & M voluntarily waived its right to obtain relief from the automatic stay in exchange for the adequate protection payments it has received and kept. Nothing in *Canney* would have prevented the parties from entering into that agreement or, once entered, enforcing it.

2. It further concedes that its claim will be paid in full under the debtor's proposed plan of reorganization.