**In re Robert F. KELLER, Lois E. Keller, Debtors.**

**Bankruptcy No. 84–00046.**
**Contested No. 426.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 5, 1984.

Dan Childers, Cedar Rapids, Iowa, for debtors.

George Keith, Waterloo, Iowa, for Federal Land Bank.

Findings of Fact, Conclusions of Law, and ORDER Denying Federal Land Bank's Application for Relief from Automatic Stay; with Memorandum

WILLIAM W. THINNES, Bankruptcy Judge.

Hearing on Federal Land Bank's Motion to Lift the Stay was held with George Keith appearing for the Movant Federal Land Bank and Dan Childers appearing for the Debtors-in-Possession. At the conclusion of the hearing the parties were ordered to submit briefs. Having received the briefs and reviewed the evidence adduced at trial, this Court now enters the following Findings of Fact, Conclusions of Law, and Orders and Memorandum pursuant to F.R.B.P. 7052.

## FINDINGS OF FACT

1. The Debtors-in-Possession, Robert F. Keller and Lois E. Keller, filed their Petition for Relief under Chapter 11 of the Bankruptcy Code on February 15, 1984.

2. The Debtors-in-Possession are farmers in Van Buren County, Iowa, operating approximately 1,931 acres of farm land. The Federal Land Bank of Omaha is the first mortgagee on 1,709 acres of said property. As of the date of filing, the debt owed to Federal Land Bank of Omaha was $1,863,450 with the property being valued by the Debtors-in-Possession's appraiser at $903,000.

3. The property of the Debtors-in-Possession consists of the four tracts listed below:

| Tract | Acreage | Appraised Value |
|---|---|---|
| Mt. Zion | 310 acres | $155,000 |
| Douthart | 222 acres | 130,500 |
| Reneker | 354 acres | 200,000 |
| Stegal-Calhoun | 1,045 acres | 548,000 |

4. The Federal Land Bank has first mortgages on the Mt. Zion, Reneker and Stegal-Calhoun tracts of land.

5. The appraisal report submitted by the Debtors-in-Possession reveals that the residence of the Debtors-in-Possession is located on the Stegal-Calhoun property. Said appraisal further reveals that the grain handling facilities necessary for a large grain farm are located on the Reneker tract. There are substantial facilities for raising cattle and hogs also located on the property on which Federal Land Bank holds the mortgages.

6. The appraisal report discloses that although there is a residence located on the Douthart property, the Debtors-in-Possession currently do not have possession of said residence as it has been reserved for the use and occupancy of the sellers for the term of the sellers' lives pursuant to sales agreement.

7. Testimony was presented on behalf of the Debtors-in-Possession that the real

estate will not decrease in value in the upcoming months and the Court so finds notwithstanding the testimony to the contrary provided by the Movant's in-house personnel.

## CONCLUSIONS OF LAW

1. The Debtors-in-Possession have no equity in the real estate secured by the mortgages to the Federal Land Bank.

2. The Debtors-in-Possession have demonstrated that the property which is the subject of this action is essential to an effective reorganization as is set forth in 11 U.S.C. § 362(d)(2)(B).

3. The Debtors-in-Possession have met their burden of proof in showing that the property interest of the Movant, The Federal Land Bank of Omaha, is adequately protected and is not entitled to relief from the automatic stay imposed by 11 U.S.C. § 362(a) or to have the stay conditioned upon the payment of rents by the Debtors-in-Possession.

## MEMORANDUM

*Equity in the Real Estate*

■ A moving creditor seeking the lifting of the automatic stay pursuant to 11 U.S.C. § 362(a) must establish the validity and perfection of its security interests, the amount of the debt and other allowable costs secured by its claim and must carry the ultimate burden of proof with respect to equity. *United Companies Financial Corp. v. Brantley*, 6 B.R. 178, 184 (Bkrptcy.N.D.Fla.1980). The Federal Land Bank (FLB) has established that it has validly perfected mortgages on the Mt. Zion, Reneker and Stegal-Calhoun parcels of real estate owned by the Debtors-in-Possession. FLB has a first mortgage on each of the above parcels of real estate with said real estate being worth $903,000 while the debt to FLB as of January 25, 1984, was $1,863,450. Therefore, the Debtors-in-Possession have no equity in the subject real estate, the burden of proof with respect to the necessity of such property in an effective

reorganization must be borne by the Debtors-in-Possession. 11 U.S.C. § 362(g)(2).

*Necessity to an Effective Reorganization*

■ The Federal Land Bank spends a substantial portion of its brief analyzing the phrase "necessary to an effective reorganization" as found in 11 U.S.C. § 362(d)(2)(B). Essentially, FLB argues that the property is not necessary for an effective reorganization because no plan of rehabilitation can be confirmed as long as the Debtors-in-Possession maintain an interest in the property. Assuming *arguendo* that FLB's proposition is correct that no plan of rehabilitation can be confirmed while the Debtors-in-Possession maintain an interest in the property, rehabilitation is not the appropriate standard to be applied in making the determination that property is necessary for an effective reorganization.

■ The term "necessary for an effective reorganization" does not require proof that a plan of rehabilitation can be confirmed. This conclusion is borne out by the fact that an effective reorganization can include a liquidation. *See,* 11 U.S.C. § 1123(b)(4). Under Chapter 11 a liquidation plan is allowed if there is not a continuing loss to the estate. *In re Koopmans*, 22 B.R. 395, 403 (Bkrptcy.Utah 1982).

■ The proper manner to allege that there is no reasonable likelihood of rehabilitation for the Debtors-in-Possession is to bring a motion under 11 U.S.C. § 1112(b)(1) which allows an interested party to seek dismissal of a Chapter 11 petition or conversion of said petition to Chapter 7 by showing the following:

(a) a continuing loss or diminution of the estate, *and*

(b) the absence of a reasonable likelihood of rehabilitation. (emphasis supplied) 11 U.S.C. § 1112(b)(1).

The imposition of a rehabilitation test on 11 U.S.C. § 362(d)(2)(B) would make the provisions of 11 U.S.C. § 1112(b)(1) meaningless.

*See, In re Pine Lake Village Apartment Co.,* 19 B.R. 819, 828 (Bkrtcy.S.D.N.Y.1982)

■ Property is necessary for an effective reorganization "whenever it is necessary either in the operation of the business or in a plan, to further the interests of the estate through rehabilitation or liquidation." *In re Koopmans,* 22 B.R. 395, 407 (Bkrptcy.Utah 1982). In this case the Debtors-in-Possession have no equity in the property upon which FLB holds first mortgages, but it is necessary to an effective reorganization as is set forth in 11 U.S.C. § 362(d)(2)(B). The property is necessary to an effective reorganization because the Debtors-in-Possession are farmers who utilize the property in their farming operation. In addition, the income tax returns of the Debtors-in-Possession as well as the date of the mortgages to FLB indicate that the farming operation of the Debtors-in-Possession has been a large scale operation for a number of years. Given the scale of the farming operation of the Debtors-in-Possession the loss of over 85 percent of the farmland that they have been farming would almost certainly doom any prospect for an effective reorganization of the Debtors-in-Possession.

### Adequate Protection

■ Having examined the Movant's arguments to lift the stay pursuant to 11 U.S.C. § 362(d)(2) the Court will now consider Movant's arguments regarding lack of adequate protection. Adequate protection provided to creditors in Chapter 11 is interim protection. It is a palliative of the worst: reorganization, dismissal, or liquidation which will provide the final relief. *In re Alyucan Interstate Corp.,* 12 B.R. 803, 806 (Bkrtcy.Utah 1981). In *In re South Village, Inc.,* 25 B.R. 987, 989 (Bkrtcy.Utah 1982) Judge Mabey points out that "[a]dequate protection, illustrated in 11 U.S.C. Section 361, is protection of an 'interest in property' from any decrease in 'value' attributable to the stay."

FLB asserts that its "interest in collateral" to be protected is the value of the real estate as well as the rights set forth in its mortgage such as the right to have a receiver appointed on default. The Debtors-in-Possession assert that the "interest to be protected" is the value of the real estate and not any intangible contract rights.

Judge Mabey has provided extensive analysis of adequate protection of undersecured creditors. The concept of adequate protection of an interest was characterized by the floor leaders of the House and Senate as being "intended to protect a creditor's *allowed secured claim.*" *In re South Village, Inc.,* 25 B.R. at 994 quoting 124 Cong.Rec. H11,092 (daily ed., September 28, 1978); and 124 Cong.Rec. S17,409 (daily ed., October 6, 1978) with emphasis supplied by the court. In this instance, FLB will have an allowed secured claim to the extent of the value of the property securing its notes. 11 U.S.C. § 506(a). The court in *South Village* continued by stating "[t]he authors of the Code thus explained that adequate protection was protection, not of the value of money, nor of any equity cushion, but against depreciation of the collateral when it erodes the allowed secured claim." *South Village,* 25 B.R. at 994.

The ninth circuit recently decided *In re American Mariner Industries, Inc.,* 734 F.2d 426 (1984) in which it expressly rejected the analysis of Judge Mabey as set forth *In re South Village, Inc.,* and *In re Alyucan Interstate Corp.* The basic disagreement between the ninth circuit and Judge Mabey is in the determination of what "interest in the collateral" is to be protected. To date this Court as well as numerous other courts have held that the "interest" to be protected does not include rights to repossession, sale or opportunity cost. See, *e.g., In re Aegean Fare, Inc.,* 34 B.R. 965 (Bkrtcy.D.Mass.1983); *In re Shriver,* 33 B.R. 176 (Bkrtcy.N.D.Ohio 1983); *In re Cantrup,* 32 B.R. 1004 (Bkrtcy.D. Colo.1983); *In re Saypol,* 31 B.R. 796 (Bkrtcy.S.D.N.Y.1983); *In re South Village, Inc.,* 25 B.R. 987 (Bkrtcy.Utah 1982); *In re Pine Lake Village Apartment Co.,* 19 B.R. 819 (Bkrtcy.S.D.N.Y.1982); *In re Alyucan Interstate Corp.,* 12 B.R. 803

(Bkrtcy.Utah 1981).[1] In contrast to the majority rule, the ninth circuit concluded that "the secured creditor's rights of repossession and sale are part of its 'bargain,' which section 361 insures it will receive at least 'in value' if not 'in kind'." *American Mariner*, 734 F.2d at 431. Having examined the opinion of the ninth circuit in *American Mariner* this Court declines to follow the ninth circuit as to do so would in essence eviscerate the Bankruptcy Code and make Chapter 11 reorganization virtually impossible to accomplish.

In the case at bar, the credible testimony reveals that the real estate will not decline in value in the foreseeable future. Therefore, FLB has been provided adequate protection of its interest.

In the case at bar, forcing the Debtors-in-Possession to pay rents to FLB as adequate protection, thus allowing FLB to receive the "benefit of its bargain," at this point in this bankruptcy would eviscerate the Bankruptcy Code of its protection for the Debtors-in-Possession. The Court in *South Village*, 25 B.R. at 994 n. 8 dealt with the time value of money and concluded that if opportunity cost were to be allowed as a means of adequate protection it would and should have been included in 11 U.S.C. § 361. Opportunity costs as examined in *South Village* are not unlike the "benefit of the bargain" which FLB seeks to have this Court provide. The movant in *South Village* as the Movant in this case was an undersecured creditor. Judge Mabey determined that the movant was not entitled to adequate protection of the benefit of its bargain in the form of opportunity costs.

One final point regarding movant's appealing but unpersuasive argument must be made. Movant relies heavily on *In re Murel*, 75 F.2d 941 (2d Cir.1935) for the proposition that the creditor must be given the "indubitable equivalent" of its bargain. Movant fails to acknowledge that *Murel*

was dealing with a plan confirmation hearing. The standard for a "cram down" may well be more rigorous than the adequate protection required by 11 U.S.C. § 362(d)(1). If adequate protection requires the indubitable equivalent of the "benefit of a bargain" such that the creditor is to possess the same rights as it would have enjoyed but for the bankruptcy there would be no reason to have the Bankruptcy Code. This Court declines to follow *American Mariner* and hold that FLB is entitled to the "benefit of its bargain" in the form of rents as the value of the land is not decreasing. To so hold would give a carte blanche to all undersecured mortgagees to enjoy all of their rights as though no bankruptcy had been filed.

For the foregoing reasons, this Court has entered appropriate Orders consistent with this Memorandum.

---

**1.** The minority view which supports the ninth circuit's position is found in the following cases: *In re Langley*, 30 B.R. 595, 603–06 (Bkrtcy.N.D. Ind.1983); *Metropolitan Life Insurance Co. v. Monroe Park*, 17 B.R. 934, 940 (D.Del.1982);

*In re Virginia Foundry Co., Inc.*, 9 B.R. 493, 497–98 (W.D.Va.1981); and, *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 641–44 (Bkrtcy. E.D.N.Y.1980).