**In re Keith Moore PULLIAM and Elizabeth Hardy Pulliam, d/b/a Pulliam Farms, Debtors.**

**Harold A. DOTY and Doris L. Doty, Movants,**

**v.**

**Keith Moore PULLIAM and Elizabeth Hardy Pulliam, Respondents.**

**Bankruptcy Nos. 85–01548–SJ–11, 85–6100–CV–SJ–6.**

United States District Court, W.D. Missouri, St. Joseph Division.

Nov. 7, 1985.

Mark G. Stingley, Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, Mo., for movants.

Danny R. Nelson, Feldhausen, Burke & Petty, Kansas City, Mo., for respondents.

**ORDER**

SACHS, District Judge.

Appellants herein challenge a Bankruptcy Court ruling which denied appellees' mo-

tion to lift the automatic stay on condition that appellants provide adequate protection in the form of monthly interest payments. For reasons set forth more fully below, the Bankruptcy Court's ruling will be affirmed.

Appellants are engaged in farming operations and are obligors on two promissory notes in favor of appellees. As of the time the petition was filed, there was a total of $475,421.92 in principal and interest due and owing on the two notes. The notes are secured by a second deed of trust on 720 acres of farm ground in Harrison County. Although there is some dispute regarding the market value of the collateral, the bankruptcy court apparently found its value to be $400,000, the amount upon which it based the adequate protection payments. Nothing in the record convinces me this valuation is clearly erroneous, and I must therefore accept it as true. *Anderson v. City of Bessemer*, —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In any event, neither party disputes that the notes are undersecured.

■ For reversal, appellants argue that adequate protection payments may not be imposed, in any form,[1] absent a showing that the market value of the collateral is declining.[2] Stated in more legalistic terms, appellants contend that the concept of adequate protection, as used in the Bankruptcy Code, applies only to the value of a secured party's collateral and does not apply to the entire present value of the secured party's interest.[3] In support of this argument, appellants cite *In re Keller*, 45 B.R. 469 (Bkrtcy.N.D.Iowa 1984). While I agree that this case is squarely on point and that it supports appellants' contention, I cannot agree that it is a valid statement of current Eighth Circuit law.

In *In re Monnier Brothers*, 755 F.2d 1336 (8th Cir.1985), the court held that "it appears that with the equity cushion described by the bankruptcy court, the value of [specific collateral] as of the confirmation date would have been more than enough to satisfy debtors' indebtedness to [creditor], including all *contract-rate interest*." 755 F.2d at 1340 (emphasis supplied). This passage clearly contemplates protection for accrued interest, a result supported by the Eighth Circuit's ruling in *In re Martin*, 761 F.2d 472 (8th Cir.1985). The *Martin* court held that "a debtor, in structuring a proposal of adequate protection for a secured creditor, 'should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights.'" 761 F.2d at 476 (citing *In re American Mariner Industries, Inc.*, 734 F.2d 426, 435 (9th Cir.1984)). *American Mariner*, in turn, held that the "bargained for rights" concept means more than an interest in the value of the collateral alone and includes the secured creditor's right to take possession and sell collateral. 734 F.2d at 434–35.

■ The automatic stay which results from filing a Chapter 11 petition obviously delays a secured creditor's rights to possession and sale. *Martin* held that where accruing interest is fully secured by an equity cushion, the right to receive it in the future may be the "indubitable equivalent" of the present right to possession and sale. The Bankruptcy Court in the present case correctly, if implicitly, held that an *unsecured* right to payment in the future is not the "indubitable equivalent" of the present right to possession and sale. The undersecured creditor may clearly be in a better

1. The court notes that appellants are not challenging the form or amount of the payments required. If their position changes subsequent to this order, they must of course first seek redress in the bankruptcy court.

2. Although the bankruptcy court made no express finding regarding the stability of the value of the land, I will accept appellants' contention that the value has in fact stabilized for purposes of this opinion.

3. While disputes regarding the amount and form of adequate protection payments are questions of fact reviewable under the clearly erroneous standard, the present case involves the legal issue of whether the creditor's interest in the present value of the debt is "an interest in property" under 11 U.S.C. § 362(d)(1), so as to be entitled to adequate protection. *See In re Martin*, 761 F.2d 472, 474–75 (8th Cir.1985).

position if it forecloses, and earns interest on the receipts, rather than if it is stayed without any assurance of receiving compensation for the delay. It is difficult to understand how protection of the right to interest can be deemed adequate when it is essentially nonexistent.[4] Accordingly, it is hereby

ORDERED that the order of the Bankruptcy Court denying appellees' motion to lift the automatic stay upon condition of making specified adequate protection payments is AFFIRMED.

---

4. The late Judge Thinnes vigorously questioned the contention that secured creditors are normally entitled to the benefit of their bargains, or the equivalent thereof, expressing the view that this would "eviscerate the Bankruptcy Code and make Chapter 11 reorganization virtually impossible to accomplish." 45 B.R. at 473. However plausible the contention, it seems no longer tenable in this Circuit, at least after *Martin.*