In the Matter of Larry Dean EMBREY and Jackie Sue Embrey, Debtors.

Paul KELLEY, Sr., and Mary C. Kelley, Movants,

v.

Larry Dean EMBREY and Jackie Sue Embrey, Respondents.

Bankruptcy No. 85–02816–SW–11.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Jan. 10, 1986.

---

**2.** Upon learning of this opinion, this Court vacated its November 1, 1985 remand order.

Frederick H. Laas, Joplin, Mo., for movants.

Barry R. Langsford, Joplin, Mo., Nolan W. Berry, Neosho, Mo., for respondents.

**ORDER VACATING ORDER GRANTING UNQUALIFIED RELIEF FROM THE AUTOMATIC STAY AND DIRECTING DEBTORS TO MAKE AN OFFER OF ADEQUATE PROTECTION WITHIN 15 DAYS OR ELSE ORDER GRANTING UNQUALIFIED RELIEF FROM THE AUTOMATIC STAY WILL BE REINSTATED**

DENNIS J. STEWART, Bankruptcy Judge.

Previously, on November 15, 1985, this court issued its order directing the debtors to make an offer of adequate protection in the form of interest payments on the value of the collateral, or the balance due, whichever is lower, within 15 days and under pain of a grant of relief from the automatic stay. Later, on December 27, 1985, after being notified that no offer of adequate protection had been made, the court entered its order granting unqualified relief from the automatic stay.

The order of December 27, 1985, granting unqualified relief from the automatic stay was erroneously entered while a motion for reconsideration purported to be pending. In order to rule on that motion, the court will momentarily set aside the order granting unqualified relief from the automatic stay.

The motion for reconsideration should be denied for the separate and independent reasons that it was untimely and that it is without merit. The order conditionally granting relief from the automatic stay was, as above observed, filed on November 15, 1985. The motion for reconsideration was neither served nor filed until December 20, 1985, far more than 10 days later. Motions to alter, amend, or vacate an order or judgment must be made within 10 days thereafter. The court lacks power to extend the time for such a motion. "The ten day time limitation fixed by Rule 59(e) is one of the few limitary periods which the court has no power to enlarge." *Scola v. Boat Frances, R., Inc.,* 618 F.2d 147, 154 (1st Cir.1980). Accordingly, the motion for

reconsideration must be denied as having been untimely filed.

Otherwise, the substance of the motion for reconsideration is that *"Doty v. Pulliam,* [54 B.R. 624 (W.D.Mo.1985)] ... and some of the cases cited therein [hold that] an equity cushion is one means of providing adequate protection through the 'indubitable equivalent' standard" and that, "as demonstrated by the affidavits submitted by debtors-respondents and their attorneys, there is an equity cushion sufficient to provide adequate protection to movants." The opinion of the distinguished district judge in *Doty v. Pulliam, supra,* however, explicitly recognizes that *In re American Mariner Industries, Inc.,* 734 F.2d 426 (9th Cir.1984), intended to compensate an interest wholly different from that in the nondeterioration or nondiminution of the value of the property during the pendency of the case. The interest intended to be awarded is the "lost opportunity" interest or the delay in enforcement of the secured creditor's rights which is occasioned by the pending chapter 11 proceedings. *"American Mariner* ... held that the 'bargained for rights' concept means more than an interest in the value of the collateral alone and includes the secured creditor's right to take possession and sell collateral." *Doty v. Pulliam, supra,* at 625. An "equity cushion" in a chapter 11 case, which, to the extent not used to pay the secured creditor, may be claimed by the unsecured creditors, does not offer any separate compensation to the secured creditor. Rather, its only protection is against depreciation of the property during the processing of the case. According to *Doty v. Pulliam, supra,* and the cases which it purports to explicate, preconfirmation adequate protection is to protect against delay in the enforcement of a secured creditor's rights and to compensate the "lost opportunity" interest.

■ The other decisions cited in *Doty v. Pulliam, supra,* recognize the same interest. *In re Martin,* 761 F.2d 472 (8th Cir. 1985), according to the analysis of our district court, "held that where accruing interest is fully secured by an equity cushion, the right to receive it in the future may be the 'indubitable equivalent' of the present right to possession and sale." In the case at bar, however, there is no offer of a lien on the equity as a form of adequate protection. If there were, the court must consider its impact on the other creditors and, in the absence of other creditors' consenting to it, it is unlikely, in view of the myriad of factors which must be considered, see *In re Martin, supra,* at 477, that such a lien could be granted.[1] And, in *In re Monnier Brothers,* 755 F.2d 1336 (8th Cir.1985), this particular question seems not to have been considered because a great magnitude of adequate protection payments had been made during the pre-confirmation processing of that chapter 11 case. Accordingly, because the mere existence of an equity cushion cannot be held, under these authorities, to constitute adequate protection, the motion for reconsideration must be denied on its merits.

The court observes that, in the wake of the holding in *In re American Mariner Industries, Inc., supra,* orders such as was issued in this case on November 15, 1985, directing that an offer of adequate protection be made are continually met with a myriad and sundry array of motions to reconsider, usually successive and sometimes—as in this case—untimely, exhibiting the apparent hope of the debtors and their counsel to avoid making any pre-confirmation adequate protection payments simply by filibuster. In this context, it must be observed that, insofar as the hope of delaying adequate protection payments to a time subsequent to confirmation under the rule of *In re Martin, supra,* is concerned, that hope, under a proper construction of the law, must be regarded as wholly misplaced. The court of appeals' decision in *In re Martin, supra,* technically speaking, did not involve pre-confirmation adequate protection, but the variant employment of the concept of adequate protection in terms of

---

1. As is observed in the text of this memorandum, the *Martin* decision did not directly concern itself with the question of pre-confirmation delay in enforcement of rights.

a replacement for the use of cash collateral. Accordingly, the court of appeals was not *per se* concerned with compensation for delay in enforcement of a creditor's rights. If it were, it is difficult to understand how the delay in enforcement of preconfirmation rights could be held to be adequately protected only by more delay in the form of a promise to pay in the indeterminate future—or even in the determinate future if the delay in payment is to be unreasonably long.

█ It seems to this court that the appropriate way to avoid the payment of preconfirmation adequate protection is to offer to show that there is no delay in the secured creditor's rights being occasioned by the chapter 11 proceedings; that, if the secured creditor obtained physical possession of the property, it could not sell that property, under current market conditions, until the effective date of the plan (or perhaps longer). Cf. *Matter of Alexander*, 48 B.R. 110 (Bkrtcy.W.D.Mo.1985). Under such circumstances, there can be no "lost opportunity," at least for that period of time as to which the evidence shows that the secured creditor would be unable to dispose of the property at its current value or else so as to cover its balance due. "(T)o avoid overcompensating the secured creditor, the timing of adequate protection should take account of the usual time and expense involved in repossession and sale of collateral." *In re American Mariner Industries, Inc., supra,* at 435, n. 12. The debtors in this case, however, make no offer to make any such showing. Accordingly, it is hereby

ORDERED that the motion for reconsideration of the order of November 15, 1985, be, and it is hereby, denied for untimeliness and lack of merit. It is further

ORDERED that the order of December 27, 1985, granting unqualified relief from the automatic stay be, and it is hereby, temporarily vacated and set aside. And it is further

ORDERED that, under pain of relief from the automatic stay, the debtors make a sufficient and good faith offer of ade-

quate protection to the movants, in accordance with the above and foregoing principles, within 15 days of the date of entry of this order.