## In re STEIN.

United States District Court,
S. D. New York.
April 6, 1953.

Benjamin Berger, New York City, for bankrupt.

Benjamin Levitas, New York City, for petitioner, Harlem Credit Union.

IRVING R. KAUFMAN, District Judge.

On January 19, 1953 Judge Clancy signed an ex parte order re-opening the estate of the above named bankrupt. The order referred the proceeding to Robert P. Stephenson, one of the Referees of this Court, to take such further proceedings as are required and permitted by the Bankruptcy Act.

The ex parte order was obtained upon the petition of the Harlem Credit Union, a creditor. The petitioner alleged that the bankrupt had been discharged by an order of this Court on December 20, 1939. Barnet Stein was adjudicated a bankrupt on February 2, 1938. The petition then alleges that on February 1, 1938, one day before the filing of the petition in bankruptcy, there was recorded a deed in New York County, executed by the bankrupt purportedly on January 27, 1931, which deed conveyed a parcel of real estate by the bankrupt to his daughter Sophie Abrams. That on February 23, 1950, in the Office of the Register for the County of New York, a deed acknowledged June 14, 1948, by the said daughter Sophie Abrams running to the bankrupt re-conveyed the real estate to

the bankrupt for a consideration as shown by the revenue stamps of less than $500.

It is alleged in the petition that Sophie Abrams testified before the Referee in Bankruptcy that she paid her father $500 for the deed in 1931. It is then asserted that the real estate was condemned and an award was made in the sum of $16,480 subject to a first mortgage of $4,950. The petitioner then asserts that the re-convey-ance, recorded February 23, 1950, by the daughter to her father, the bankrupt, was the completion of a fraudulent scheme spuriously entered into and in order to neutralize the conveyance to the daughter by the bankrupt Stein. Other material allegations of the petition assert the following: That in 1947 another creditor, Multiple Trading Corporation, represented by the same attorney now representing the petitioner, moved for an order vacating and setting aside the discharge granted to the bankrupt, and directing the bankrupt to turn over to a Trustee to be appointed the assets concealed in the schedules of bankruptcy, including the parcel of real estate above referred to; that this petition of the creditor was denied on November 28, 1947; that the petitioner did not learn of the re-conveyance by the daughter to the bankrupt of the above referred to real estate until August 19, 1952, and that the re-conveyance was made only six months after the Court denied on November 28, 1947 the petition of Multiple Trading Corporation.

The bankrupt here moves for an order vacating and setting aside the order of Honorable John W. Clancy. He asserts that Judge Clancy was without power to sign such an ex parte order because of Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, and further that the facts which the Harlem Credit Union asserts constitute fraud upon the Court were fully adjudicated in 1947 before Referee Stephenson and the Referee's order, refusing at that time to reopen the proceeding, confirmed by Judge Coxe of this Court, should bar the creditor in the instant proceeding from re-litigating an issue already decided.

■■ With respect to the bankrupt's assertion that Judge Clancy was not em-powered to grant the ex parte order I find little merit. It should be borne in mind that the instant ex parte order was not one to set aside the bankrupt's adjudication but merely called for the reopening of the bankruptcy proceeding. The limitation found in Section 15 of the Bankruptcy Act is not applicable for Section 15 deals with revocation of discharges. The creditor here does not seek a revocation of discharge. Nor is there any merit to the assertion of laches on the part of the creditor for the creditor asserts that it did not have knowledge of the re-conveyance by the daughter to the bankrupt until August 19, 1952. The creditor's position in short is that it has newly discovered evidence which was not available to Referee Stephenson and Judge Coxe in 1947 upon the application of Multiple Trading Corporation and that this newly discovered evidence is of such character that it would cause the Referee to reach a conclusion different from the one which he reached in 1947.

■■ Under Section 2, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(8) the Bankruptcy Court can reopen estates for "cause shown". Section 2, sub. a(8) does not prescribe any formal procedure for reopening a bankrupt's estate. It has become customary to grant orders to reopen and to further administer, ex parte, upon a showing by affidavit. The basis for re-opening—the discovery of unadministered assets—would certainly seem sufficient to require the exercise of the Court's power to reopen. Collier on Bankruptcy, Vol. I, Section 2.49. What constitutes cause under Section 2, sub. a(8) of the Bankruptcy Act is not defined and lies primarily within the discretion of the District Judge. Baylor v. 1775 Broadway Corporation, 2 Cir., 1944, 146 F.2d 487; Mohonk Realty Corp. v. Wise Shoe Stores, 2 Cir., 1940, 111 F.2d 287, certiorari denied, 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418; In re Butts, 2 Cir., 1941, 123 F.2d 250.

■ The bankrupt also urges that the petitioner never filed a proof of claim in this bankruptcy and that therefore he is not an "interested party" and hence was not qualified to seek the ex parte order. Since 1938, by virtue of the present final sen-

tence of Section 57, sub. n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, a creditor who has not filed his claim in time, may nevertheless have it allowed against any surplus remaining and hence may apply for the reopening of the estate to discover such surplus. Gerber v. Fruchter, 2 Cir., 1945, 147 F.2d 120; Hammer v. Tuffy, 2 Cir., 1944, 145 F.2d 447.

In addition to seeking an order setting aside the discharge of the bankrupt before Referee Stephenson in 1947, which was denied by him on the basis of Section 15 of the Bankruptcy Act, the Multiple Trading Corporation sought an order to reopen the estate upon the basis of the alleged fraudulent conveyance of the real estate involved in the instant proceeding.

While it is true that the Referee in his opinion indicated that he had observed the witnesses and had read the testimony and concluded that there was not a suspicion that the bankrupt had concealed assets, it must be admitted that there was lacking before the Referee the very vital proof of the re-conveyance by the bankrupt's daughter of the property alleged to have been conveyed to her in the first instance fraudulently.

I believe that Referee Stephenson is entitled to have this additional evidence put before him in the proceeding of the Harlem Credit Union in connection with the same alleged fraudulent transfer in order to determine whether the re-conveyance, if it did occur, under the circumstances alleged by the creditor, is of sufficient weight to cause him to conclude that he would have found against the bankrupt. It is my conclusion, therefore, that before Referee Stephenson shall take further steps for the administering of the bankrupt estate set forth in the order of Judge Clancy, that he hear and report on the issue of the alleged fraudulent conveyance. The Referee may then determine whether in the light of these additional facts there was in fact a fraudulent conveyance of premises 74 East 104th Street, in the Borough of Manhattan, City of New York, or whether the re-conveyance by the daughter to the bankrupt of the premises does not cause him to change his conclusion that

the conveyance was not fraudulent. If the Referee finds that there was no fraudulent conveyance and his findings are confirmed by the Court, the Court will then be in a better position to rule upon the vacature of Judge Clancy's order. If, on the other hand, the Referee finds that the conveyance was fraudulent, and these findings are confirmed by the Court, it will make academic the question of vacating Judge Clancy's order.

The motion to vacate Judge Clancy's order will be denied without prejudice to renewal dependent upon the Referee's report and the Court's order upon such report. Settle order.