Leon A. BOUGHNER, Mary Lindemuth, Lena Kakiel, Clara Wilk, Irene B. Lahnstein and Samuel G. Howenstine, Appellants,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, United States of America, Appellee.

Nos. 77–1069, 77–1202, 77–1211, 77–1252, 77–1654 and 77–1697.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Nov. 29, 1977.

Decided March 8, 1978.

Charles A. Bressi, Jr., Kulpmont, Pa., for appellants.

S. John Cottone, U. S. Atty., Scranton, Pa., Joseph F. Cimini, Asst. U. S. Atty., Lewisburg, Pa., for appellee.

Before GIBBONS and VAN DUSEN, Circuit Judges and FISHER, District Judge.*

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

## OPINION OF THE COURT

CLARKSON S. FISHER, District Judge.

These consolidated appeals are from the denial by the trial court of a motion to vacate a summary judgment entered, in each case, in favor of the Secretary of Health, Education and Welfare, appellee. The effect of the summary judgments was to deny the appellants' claims for benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 *et seq.*

All six appellants were represented by Peter Krehel, Esquire, who instituted the actions in the district court. In each case the Secretary filed a motion for Summary Judgment. These motions were unopposed and granted pursuant to Local Rule 301.-01(e),[1] of the United States District Court for the Middle District of Pennsylvania. Present counsel for appellants was then substituted and in each case moved to vacate the summary judgments pursuant to F.R.Civ.P. 60. The appellants relied specifically on sections 60(b)(1) and 60(b)(6), citing as the basis for the motion: (1) Krehel's intense involvement in his campaign for the office of Common Pleas Judge of Northumberland County, Pennsylvania;[2] (2) the loss of his secretary who allegedly was responsible for his calendar; and (3) Krehel's large backload of cases.[3] Their reasons were insufficient in the judgment of the district court. However, a survey was conducted to determine how many other summary judgment motions Krehel had permitted to go unopposed. The results of the survey were astounding. Krehel had failed to file a responsive pleading in a total of 52 H.E.W. cases. This egregious conduct amounted to nothing short of leaving his clients unrepresented.[4]

■ The general purpose of Rule 60, which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done. *Wright and Miller, Federal Practice and Procedure,* § 2851. Generally, a motion brought pursuant to Rule 60 is addressed to the sound discretion of the Court and is reviewable on appeal only for abuse of discretion. *Virgin Islands National Bank v. Tyson,* 506 F.2d 802, 804 (3d Cir. 1974). However, the District Court has no discretion in considering motions predicated on the voidness of the original judgment, *Jordan v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974), fraud, or other extraordinary circumstances such as the unconstitutionality of the statute, upon which the judgment was based. *See Neely v. United States,* 546 F.2d 1059, 1065–66 (3d Cir. 1976). This Court has also cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances. *FDIC v. Alker,* 234 F.2d 113, 117 (3d Cir. 1956); 30 F.R.D. 527 (E.D.Pa. 1962), *aff'd.* 316 F.2d 236 (3d Cir. 1963), *cert. denied,* 375 U.S. 880, 84 S.Ct. 150, 11 L.Ed.2d 111 (1963).

A party may be entitled to relief from a judgment under Rule 60(b)(1) on a showing of "mistake, inadvertence, surprise or excusable neglect." Situations in which relief has been granted pursuant to Rule 60(b)(1)

---

1. Rule 301.01(e) provides in pertinent part:
   Submission of Briefs or Memoranda Opposing Motions. Any party opposing any motion, shall file a responsive brief . . . or other documents within ten (10) days after service of the opposing brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

2. Krehel was subsequently elected.

3. Furthermore, this Court was previously confronted with Krehel's dereliction of responsibility where he failed to file a timely appeal from the denial of black lung benefits by the Social Security Administration. The district court had found that Krehel's preoccupation with the judgeship election, his backlog of cases and loss of secretary did not constitute "good cause" for the untimely filing.

   We remanded, however, for consideration of whether "good cause" existed in light of our holding that regulations promulgated pursuant to the Social Security Act of 1935, 42 U.S.C. § 301 *et seq.,* required evaluation of the actions of the claimant, not the attorney, in determining what constitutes "good cause". *Litchko v. Mathews,* 558 F.2d 1028 (3d Cir. 1977).

4. Although the Rule 60(b) motions were denied here, two other judges in the same district granted similar motions under the identical situation.

include: Where the defendant's attorney did not know that the defense of forgery was available when he agreed to a consent judgment against his client in an action on a written guaranty note;[5] where a defendant corporation had no actual notice that a suit had been entered against it;[6] and where an attorney confused two similar cases involving his client.[7]

The record before us does not show circumstances indicating any mistake, inadvertence, surprise or excusable neglect and therefore we do not find Rule 60(b)(1) applicable. We reverse, however, on the basis that the motion to vacate should have been granted under Rule 60(b)(6). The conduct of Krehel indicates neglect so gross that it is inexcusable. The reasons advanced for his failure to file opposing documents in a timely fashion are unacceptable.

In making this determination we are aware that Rule 60(b)(6), which permits the vacating of a judgment "for any other reason justifying relief,"[8] provides an extraordinary remedy and may be invoked only upon a showing of exceptional circumstances. *Ackerman v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Vecchione v. Wohlgemuth,* 558 F.2d 150, 159 (3d Cir. 1977). The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. *United States v. Swift,* 286 U.S. 106, 119, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977).

The appellee urges that generally a party is deemed to be bound by the acts of his attorney. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

In *Link,* the Supreme Court held that the dismissal of an action because of the failure of an attorney to attend a pretrial conference did not abuse the discretion vested in the trial judge by F.R.Civ.P. 41(b). The Court noted, in discussing its decision, that such a dismissal did not impose an unjust penalty on the attorney's client because a party who freely selects an attorney cannot avoid the consequences of the acts or omissions of that attorney. *Id.* 370 U.S. at 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734, *citing Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955 (1879).

However, in *Link, supra,* the Court determined only that dismissal was proper under Rule 41(b). In doing so, and while declaring that a party was deemed bound by its attorney's acts, the Court expressly indicated that the aggrieved party never availed himself of a corrective remedy such as the "escape hatch provided by Rule 60(b)." *Id.* 370 U.S. at 632, 82 S.Ct. at 1390. The Court also refused to consider whether it would have been an abuse of discretion to deny a Rule 60(b) motion, since none had been filed. *Id.* at 635–36, 82 S.Ct. 1386.

We hold, therefore, that in the factual setting here, which warrants relief under Rule 60(b)(6), appellants are not bound by the acts of their attorney for the purposes of the rule.[9]

In reaching our decision that the circumstances here are sufficiently exceptional and extraordinary so as to mandate relief pursuant to Rule 60(b)(6), we are not unmindful of the need for judicial eagerness to expedite cases, to fully utilize the court's time, to reduce overcrowded calendars and to establish finality of judgments. How-

---

**5.** *Associates Discount Corp. v. Goldman,* 524 F.2d 1051, 1054 (3d Cir. 1975). (Judgment vacated on grounds of mistake or inadvertence.)

**6.** *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 246 (3d Cir. 1951). (Default judgment set aside on basis of excusable neglect.)

**7.** *Medunic v. Lederer,* 533 F.2d 891, 893 (3d Cir. 1976). (Judgment vacated where court found that confusion of similar cases was excusable neglect.)

**8.** Relief pursuant to subsection (6) is only available where subsections (1) through (5) do not apply. *Stradley v. Cortez,* 518 F.2d 488, 493 (3d Cir. 1975).

**9.** *See Lucas v. Juneau,* 20 F.R.D. 407 (D.Alaska 1957) and 15 A.L.R. Fed. 193. (Gross neglect and abandoning of client by attorney create an exception to the rule that a client is bound by the acts of an attorney; and also constitute extraordinary circumstances permitting relief from a judgment under Rule 60(b)(6).)

ever, these commendable aspirations should never be used to thwart the objectives of the blind goddess.

Furthermore, the entry of summary judgments precluded an adjudication on the merits of the appellants' claims for benefits, thus constituting the "extreme and unexpected hardship" addressed by the Supreme Court in *Swift, supra.*

To permit these judgments to stand, in light of Krehel's conduct and the absence of neglect by the parties, would be unjust.[10] A motion under Rule 60(b)(6) should be granted when "appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *see also Steuart v. Matthews,* 117 U.S.App.D.C. 279, 329 F.2d 234 (1964).

The judgment of the district court is, therefore, reversed and the case remanded for a consideration of these matters on the merits.

Butzner, Circuit Judge, filed opinion dissenting from denial of petition for rehearing en banc, in which Winter, Circuit Judge, joined.

Field, Senior Circuit Judge, filed a statement on rehearing in which Bryan and Widener, Circuit Judges, joined.

10. Cf. *United States v. Karahalias,* 205 F.2d 331, on rehearing 334 (2d Cir. 1953), and *Industrial Building Materials Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1339 (9th Cir. 1970). (Relief from judgment granted where parties not at fault.)