**Arthur L. DYM, et al.**

v.

**NORTH AMERICAN CARBIDE CORPORATION.**

**Civ. A. No. 80–1121.**

United States District Court,
E. D. Pennsylvania.

Aug. 17, 1982.

R. Stephen Shibla, Harrisburg, Pa., for plaintiffs.

David Richman, Fred Speaker, Richard Sartore, Philadelphia, Pa., for defendant.

MEMORANDUM OPINION

WEINER, District Judge.

After suit was instituted, the plaintiff and defendant entered into a stipulation agreement under the terms of which they agreed that the settlement amount payable by defendant would be paid in installment payments. When defendant failed to make these payments, plaintiff filed a Motion for Entry of Judgment against defendant, which this court granted on June 5, 1981. Judgment was entered in favor of plaintiff and against defendant in the amount of $78,000. The plaintiff alleges that since the time of that order Metal Technologies International, Inc. (MTI), a parent corporation of defendant, has done the following: MTI acquired all of the outstanding capital stock of defendant; MTI received approximately $1 million from the public sale of its own stock which value was substantially enhanced by the assets of defendant; and MTI operated defendant with the intention of depriving it of working capital which could be used to pay defendant's creditors, such as plaintiff. These distributions of assets, plaintiff claims, constitute "fraud" on the part of both MTI and defendant and "a flagrant, intentional and deliberate attempt (by them) to violate this court's order." Presently before this court is plaintiff's Motion to Alter Judgment pursuant to the Federal Rules of Civil Procedure 60(b)(3) and (6). The plaintiff demands

that the judgment entered on June 5, 1981 against defendant be altered and amended, and an additional judgment be entered on behalf of plaintiff against MTI in the amount of $78,000. For the reasons which follow the motion of plaintiff is denied.

 The plaintiff is attempting to force payment of the judgment amount by pursuing an inapplicable rule. The relief which plaintiff seeks, which is to alter or amend the judgment, must be pursued according to Rule 59(e) which provides that the motion must be served within ten (10) days after entry of the judgment. The plaintiff had failed to make such service since judgment was entered approximately fourteen months ago, and, therefore, could not succeed in a motion to alter or amend. He is attempting to accomplish the same result by pursuing Rule 60(b), which is clearly inapplicable to the case *sub judice*.

Fed.R.Civ.P. 60(b) provides in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

 According to the rule, the court may relieve a party against whom a final judgment has been entered. 7 *Moore's Federal Practice* ¶ 60.24[5] at 287. In the case *sub judice* the party against whom the final judgment was entered is defendant, not plaintiff. In fact, the judgment was entered in favor of plaintiff. In essence, plaintiff seeks relief at this time, from the terms of a favorable judgment. Such tortuous use of the rule by which plaintiff seeks relief is the result of plaintiff's failure to pursue the proper rule.

 Even if plaintiff's claim for relief was applicable under 60(b), his motion would still be denied. As the Court of Appeals for the Third Circuit has recognized, "Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *John E. Smith's Co. v. Lattimer Foundry & Machine Co.*, 239 F.2d 815, 817 (3d Cir. 1956). This court finds that the exceptional circumstances which would warrant relief do not exist and plaintiff has failed to state what those exceptional circumstances might be.

Plaintiff is seeking to have this court enter a judgment against a non-party, MTI. A proper reading of Rule 60(b) leads to the conclusion that such a result is not within its contemplation. The court is not aware of any other rule or case which authorizes us to enter judgment against the non-party, MTI.