In re James Eathen LEITER, Debtor.

Bankruptcy No. 89–60710.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division,
at Gary/Lafayette.

Jan. 8, 1990.

David Foelber, Valparaiso, Ind., for debtor.

## ORDER

KENT LINDQUIST, Chief Judge.

James Eathen Leiter (hereinafter "Debtor"), having on November 3, 1989 filed a "Motion to Set Aside Discharge and to Convert Case to Chapter 13" hereby finds as follows:

1. Debtor filed this Chapter 7 petition in bankruptcy on May 2, 1989.

2. The Court set August 7, 1989 as the last date for filing a complaint objecting to the dischargeability of a debt under 11 U.S.C. § 523 and complaint objecting to the Debtor's discharge under § 727.

3. There being no objections to discharge filed, the Court on September 12, 1989, the Court generally discharged the Debtor.

It is now incumbent on the Court to decide whether the Debtor can move to set aside his own discharge, after notice to all creditors and where no creditor has objected, for the purpose of converting this chapter 7 to a case under Chapter 13.

■ The Court concludes that a discharge order, once entered, can only be set aside only by the trustee, a creditor or the United States Trustee pursuant to 11 U.S.C. § 727(d) or (e), and not by motion of the Debtor. *In re Morgan*, 668 F.2d 261 (7th Cir.1981) (Act Case); *In re Tuan Tan Dinh*, 90 B.R. 743 (Bankr.E.D.Pa.1988); *In re Fischer*, 72 B.R. 111 (Bankr.D.Minn. 1987); *In re Calabretta*, 68 B.R. 861 (Bankr.D.Conn.1987); *In re Gruber*, 22 B.R. 768 (Bankr.N.D. Ohio 1982); *In re McQuality*, 5 B.R. 302 (B.R.S.D. Ohio 1980); 4 *Collier on Bankruptcy*, para. 727.15, p. 727–105 n. 7a (15th ed. 1988).

Although *In re Morgan* was a Bankruptcy Act case rather than one arising under the present 1978 Bankruptcy Code, as is the case *sub judice*, the rationale thereof appears to be still fully applicable.

In *Morgan* the bankrupt moved to vacate his discharge on the grounds that he had repaid almost all of his creditors and notified the remainder of his creditors of his willingness to pay them. The District Court held that the Bankruptcy Court did not have jurisdiction to vacate a discharge in bankruptcy. The Seventh Circuit Court of Appeals affirmed and adopted the opinion of the District Court which was appended to the Seventh Circuit opinion. The District Court stated as follows:

In support of his petition, Mr. Morgan advances two arguments. He first argues that 11 U.S.C. § 11(a)(12) of the Bankruptcy Act gives a bankruptcy court jurisdiction to grant the relief he seeks. This section of the Act gives a bankruptcy court jurisdiction to grant the relief he seeks. This section of the Act provides that a bankruptcy court may "[d]ischarge or refuse to discharge bankruptcy, [and] set aside discharges, ...."

This argument ignores, however, that a bankruptcy court's power to revoke discharges is greatly restricted by another section of the Act, 11 U.S.C. § 33. Under section 33, a bankruptcy court may revoke a discharge only if a party in interest files an application to revoke within one year of the discharge, *Solove v. Chase Manhattan Bank*, 388 F.2d 874, 879 (5th Cir.1968), and only if it appears either that the discharge was obtained through the bankrupt's fraud, that certain property should have been included in the bankrupt's estate but was not, or that the bankrupt refused to obey an order of the bankruptcy court or to answer questions properly posed to him. *In re Matter of Orenduff*, 226 F.Supp. 312, 313 (N.D.Okla.1964). *See also*, 1 A. *Collier on Bankruptcy*, para. 15.05–15.-07 (14th ed. 1978).

Neither of these requirements have been met in the present case. Mr. Morgan's petition to revoke his discharge was filed almost two years after the discharge was entered. Moreover, Mr. Morgan does not claim that any of the three reasons listed above for revoking a discharge exist in this case. Since the requirements prescribed in section 33 are not satisfied in this case, the bankruptcy court properly concluded that it lacked jurisdiction to revoke the discharge.

Furthermore, in arguing that the Act explicitly gives a bankruptcy court jurisdiction to revoke discharges in bankruptcy, Mr. Morgan apparently confuses the power to reopen bankrupts' estates with the power to revoke discharges. He cites a recent case, *In the Matter of Seats*, 537 F.2d 1176 (4th Cir.1976), in which the court of appeals held that under section 11(a)(8) of the Act a bankruptcy court can reopen a bankrupt's estate at any time to modify an order of discharge. *Id.* at 1177. While, as this case illustrates, a bankruptcy court has jurisdiction to reopen estates to modify an order of discharge, the authority to *modify* a discharge cannot be equated with the authority to *revoke* a discharge. Cases, including the case upon which Mr. Morgan relies, have been careful to point out this distinction. *See e.g., In the Matter of Seats, supra* at 1177; *In re Stein*, 111 F.Supp. 327, 328 (S.D.N.Y.1953). Since Mr. Morgan seeks not a modification but an annulment of his discharge, his reliance on section 11(a)(8) of the Act and the cases he cites is misplaced.

Mr. Morgan's second argument is that, aside from its statutory authority, a bankruptcy court has inherent equitable authority to revoke his discharge. He argues that the bankruptcy courts are courts of equity whose overriding purpose is to benefit the bankrupt.

Although bankruptcy courts have considerable equitable powers, they should not revoke discharges under circumstances such as those in the present case. If a bankruptcy court were to revoke a discharge whenever a bankrupt reaffirmed and paid his debts, debtors might be encouraged to file for bankruptcy in situations where they might not otherwise. Filing for bankruptcy is intended to be a drastic step, one which a debtor should take only when other means of resolving financial problems have failed. While the debtor clearly benefits from a discharge in bankruptcy,

he does so only at a price; he may, for example, find that his creditworthiness has been seriously impaired by the bankruptcy adjudication. If a bankrupt thought that he could obtain all the benefits of bankruptcy but, in the long term, could avoid the unpleasant side effects, he might be encouraged to file for bankruptcy before trying other, less drastic means of resolving his problems. Thus, the seriousness with which filing for bankruptcy is properly regarded could be undermined. We conclude, therefore, that bankruptcy courts do not have an inherent authority to revoke discharges.

*Id.* at 262–264. (Footnotes omitted).

This Court perceives no change effected by the Bankruptcy Code of 1978 that would compel it to now reach a conclusion contrary to that reached by the Seventh Circuit in *In re Morgan.*

In *Central Illinois Co. v. Irving Trust Co., (In re Pottasch Bros. Co., Inc.),* 79 F.2d 613, 101 A.L.R. 1182 (2nd Cir.1935), Judge Hand held that a bankruptcy referee had the "ancient and elementary power" to reconsider an order. In *Wayne United Gas Company v. Owens–Illinois Glass Company,* 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937), the Supreme Court held that the bankruptcy court has continuous powers to modify its own orders if no intervening rights are disturbed. *Accord, Federal Land Bank of Springfield v. Hansen,* 113 F.2d 82 (2nd Cir.1940).

However, the Seventh Circuit in the case of *Matter of Met–L–Wood Corp.,* 861 F.2d 1012 (7th Cir.1988), stated that the bankruptcy court's inherent powers to reconsider orders has been merged into the Bankruptcy Rules of Practice and Procedure and the Federal Rules of Civil Procedure. The *Met–L–Wood Corp.* Court stated as follows:

[L]et us now consider whether his [trustee's] motion under Rule [F.R.Civ.P.] 60(b) to revoke the bankruptcy judge's approval of the sale was properly denied. There is a preliminary question. Long before there was a Rule 60(b), bankruptcy courts exercised what they conceived to be, and what in fact has traditionally been regarded as, an inherent judicial power to reconsider their judgments within a reasonable time, including judgments confirming sales. *See* 4B *Collier on Bankruptcy,* par. 70.98[17], at pp. 1183–94 (14th ed. 1978). Now that there is a Rule 60(b), expressly applicable to bankruptcy as we have seen, the inherent power seems otiose; and although the cases continue to refer to it, they define it in terms of Rule 60(b). *See, e.g., In re Chung King, Inc.,* 753 F.2d 547, 549–50 (7th Cir.1985). As a natural development from those cases, as well from the text of Bankruptcy Rule 9024, which applies Rule 60(b) to bankruptcy proceedings, we hold that confirmed sales—which are final judicial orders—can be set aside only under Rule 60(b). We conclude that the old inherent power to reconsider bankruptcy orders has been merged into the rule.

*Id.,* 861 F.2d at 1018. (parenthetical supplied for clarity).

Thus, the Bankruptcy Court no longer has an inherent power to reconsider its prior orders, rather its post-judgment reconsideration power is controlled by Bankr.R. 9023 applying Fed.R.Civ.P. 59 and Bankr.R. 9024 applying Fed.R.Civ.P. 60.

■ Even if Fed.R.Civ.P. 59(e), relating to motions to alter or amend judgments, as made applicable by Bankr.R. 9023 were held to be applicable to discharge orders, the Court could not act on Debtor's motion as a Fed.R.Civ.P. 59 motion, as it was not timely in that it was served over ten days after entry of the discharge. Fed.R.Civ.P. 59(b). The failure to timely serve said motion is jurisdictional, and pursuant to Bankr.R. 9006(b)(2) the Bankruptcy Court is without power to extend the time unless a motion is filed before the ten day period expires. *Bailey v. Sharp,* 782 F.2d 1366 (1986), *appeal after remand,* 811 F.2d 366 (7th Cir.1987); *In the Matter of Embrey,* 56 B.R. 626 (Bankr.W.D.Mo.1986).

■ In addition, Fed.R.Civ.P. 60(b) is made applicable to bankruptcy proceedings pursuant to Bankr. 9024. However, the discharge order was in essence a final,

appealable judgment in the bankrupt's favor against his creditors. Even if Fed.R. Civ.P. 60(b) were to be held applicable to the discharge order, there is no relevant issue of a "meritorious defense" to such order. In addition, there is no issue of a default of any party due to mistake, inadvertence, surprise or excusable neglect. There is no judicial error to correct in the discharge order. *See e.g., In re Tuan Tan Dinh,* 90 B.R. 743 (Bankr.E.D.Pa.1988). Even a Plaintiff in whose favor a judgment was entered cannot set aside a judgment under F.R.C.P. 60(b) unless the requirements of that Rule are met. *See, e.g., Dym v. North American Carbide Corp.,* 95 F.R.D. 371 (E.D.Pa.1982); *See also,* Anno: Right of successful party to have judgment in his favor vacated or set aside on grounds of mistake, inadvertence, excusable neglect and the like. 40 A.L.R.2d 1127.

The language of § 727(d) and (e) is unequivocal. Revocation of discharge can only be by the timely request of a trustee or a creditor, and only based on the grounds set out therein. In addition, this must be done by adversary proceeding and not by motion. *See Bankr.R. 7001(4).*

The finality of a discharge order must be given special status and consideration.

The Debtor and his creditors must be diligent in examining the available legal options prior to discharge and if time does not permit the Debtor has the remedy under Bankr.R. 4004(c) of obtaining an order on his motion to delay entry of the discharge order or to waive discharge under § 727(a)(10). It is thus incumbent on Debtor's counsel to insure that the Debtor's interests are protected in the settlement of pre-petition claims of creditors where a conversion to a chapter 13 is in the Debtor's best interests. There must be a certain minimum degree of finality to a bankruptcy proceeding and the discharge order which is the ultimate goal of the Debtor must be accorded a higher degree of dignity than other orders entered during the course of the administration of a bankruptcy case. As a matter of basic public policy, discharge orders must not be set aside merely because of ignorance of the law or carelessness of the parties by having failed to timely effect a choice of remedy.

Inasmuch as the Debtor's discharge cannot be set aside, no purpose would be served in converting this case to one under Chapter 13 pursuant to § 706, as only one discharge can be received in a case. Pursuant to 11 U.S.C. § 348, which governs the effect of a conversion, the conversion of a case from one chapter to a case under another chapter of title 11 does not effect a change in the date in the filing of the petition, the commencement of the case, or the order for relief except as provided in subsections (b) and (c). Subsections (b) and (c) do not touch upon the revocation of a general discharge in a case under chapter 7 upon conversion of such a case to one under chapter 13. Section 348(b) does refer to § 727(a)(10) relating to the approval by the Court of a written waiver of discharge executed by the debtor after the order of relief under chapter 7. However, § 348(b) merely provides that unless the Court orders otherwise, the phrase "the order for relief under the chapter" in a chapter to which a case has been converted means the conversion of such case to such chapter.

There is no indication that the debtor wishes to waive his discharge pursuant to § 727(a)(10) and Bankr.R. 4004(c), or pursuant to § 1328(a) after a conversion. In discussing these provisions Collier on Bankruptcy states as follows:

> This section is an adaptation of the proviso of Section 14a of the Bankruptcy Act which stated: "The bankrupt may, before the hearing on such application, waive by writing; filed with the court his right to a discharge."

> Former Section 14a was superseded by Bankruptcy Rule 405 which provided: "Any bankrupt may waive his right to discharge by a writing filed with the court."

> The requirement of the former Act that a waiver be filed *before the hearing* on the application for discharge (the "application for discharge" was a procedural step under the former Act) was omitted

from the rule. Waiver of discharge is now governed by Section 727(a)910) and Rule 4004(c).

Section 727(a)(10) places certain restrictions on the process of waiver of discharge in that it specifies that the waiver must be executed in writing by the debtor after the order for relief under chapter 7, and must be approved by the court. It is not necessary for a debtor to file an application for a discharge as a discharge will be granted forthwith upon expiration of the time fixed for filing complaints objecting to discharge if the other conditions of Rule 4004(c) are met. But a debtor must execute his waiver in writing after the order for relief has been entered in the chapter 7 case and such waiver must have the approval of the court in order to bar the discharge of a debtor.

A distinction must be drawn between a waiver of discharge under section 727(a)(10) and a reaffirmation or exception of a specific debt from discharge. The waiver under section 727(a)(10) is a waiver of any discharge at all. Thus none of the debtor's debts are discharged. The debtor's property is administered by the trustee but any unpaid debts survive. While the court must approve the waiver, there are no statutory standards for approval.

4 *Collier on Bankruptcy,* para 727.12, p. 727–88 (L. King 15th Ed.). Even if the Debtor deserved to waive his general discharge, this must be done before the general discharge is entered.

This is not to say that the Debtor is without a remedy. It is possible (without this Court so holding) that the Debtor could now file a new chapter 13 and accomplish his goal. *See In re Metz,* 820 F.2d 1495 (9th Cir.1987). The Debtor cannot effect binding reaffirmation agreements with his creditors as none were made prior to his discharge. *See* 11 U.S.C. § 524(c)(1). However, the Debtor can still make voluntary payments to the creditor. 11 U.S.C. § 524(f). Although this might not cure a prior default or prevent acceleration by the creditor, there would appear to be nothing wrong with the Debtor negotiating an

agreement signed by the *creditor only* waiving prior defaults or signing an estoppel affidavit or like document, and accepting voluntary payments. Also (without this Court so holding) it might be possible for the creditor and the Debtor to enter into a novation agreement. *See* 22 I.L.E. *Novation;* 58 Am.Jur.2d *Novation.*

Based on the foregoing, it is hereby

ORDERED, that the Debtor's motion to vacate his discharge order and convert this case to one under chapter 13 is hereby DENIED.