In re Mark T. TARDIFF, Debtor.

Bankruptcy No. 88–10174.

United States Bankruptcy Court,
D. Maine.

March 3, 1992.

**84**

G. Charles Shumway, II, Brunette, Shumway & Ryer, Portland, Me., for debtor.

Charles W. Hodsdon, II, Bangor, Me., for State Court Tort Claimants.

## MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.

On April 27, 1988, Mark T. Tardiff ("Tardiff") sought, and was granted, relief under Chapter 7 of the Bankruptcy Code.[1] On September 14, 1988, he received his discharge. The case was closed the next day. Tardiff moved to reopen on January 3, 1992, and immediately filed his "Motion for Revocation of Discharge and Conversion to Chapter 13."

For the reasons set forth below, the court, having reopened the case, declines Tardiff's request that his 1988 discharge be revoked and that the case be converted to Chapter 13.[2]

## DISCUSSION

When he initiated bankruptcy nearly four years ago, Tardiff's "sole purpose ... was to discharge liabilities arising from an automobile accident which occurred on or about December 31, 1987."[3] At the time of the accident, he was unlawfully operating his car while intoxicated.[4]

In April 1990, Geraldine Thibeault, Cynthia M. Smith, Michael Smith, Geraldine Paquette and Amanda Smith, who were injured in the December 1987 accident and whose claims were listed in the 1988 bankruptcy schedules, initiated suit against Tardiff in state court. They object to Tardiff's attempt to resuscitate his bankruptcy case to invoke Chapter 13.

---

1. Unless otherwise indicated, all references to the "Bankruptcy Code," the "Code" or to statutory sections are to the Bankruptcy Code of 1978, 11 U.S.C. § 101 *et seq.* (1991).

2. The parties have agreed that the issues may be decided on the record before the court. In any event, accepting the reasons offered in support of Tardiff's motion to be true, it is clear that the relief he seeks should be denied. An evidentiary hearing is unnecessary. *See Mitchell v.*

*Hobbs,* 951 F.2d 417, 421 (1st Cir.1991); *U.S. v. Baus,* 834 F.2d 1114, 1124 (1st Cir.1987).

3. Affidavit of Mark T. Tardiff dated November 26, 1991 ("Tardiff Affidavit"), at ¶ 4.

4. Tardiff has pleaded guilty to a criminal charge of operating a vehicle under the influence of intoxicants. Motion for Revocation of Discharge and Conversion to Chapter 13 ("Tardiff Motion") at ¶ 4.

Tardiff does not claim, as he might, that accident-related liabilities were discharged in the first go-round.[5] Rather, he concedes that they were not.[6] Now holding a steady job, but apprehending a future dimmed by litigation and burdened with accident-related liability, Tardiff seeks to convert his 1988 Chapter 7 case to Chapter 13 because a newly-filed Chapter 13 would not do the trick. Intervening amendments to the Code included among Chapter 13 exceptions to discharge drunk-driving related liabilities.[7]

### 1. *Reopening the Case.*

■ The tort claimants have urged the court to refuse to reopen Tardiff's case. As they acknowledge, however, the decision whether to reopen a bankruptcy case is committed to the court's sound discretion. 11 U.S.C. § 350(b). *See In re Sheerin*, 21 B.R. 438, 439 (Bankr. 1st Cir.1982).

■ Proper exercise of that discretion is not limited, as the claimants argue, to instances in which reopening will operate to benefit creditors. *See e.g., In re Soult*, 894 F.2d 815 (6th Cir.1990) (to schedule debt inadvertently omitted); *In re Stark*, 717 F.2d 322 (7th Cir.1983) (to add creditor to schedules). *Cf. In re Hawkins*, 727 F.2d 324 (4th Cir.1984) (affirming discretionary refusal to reopen to permit filing lien avoidance action and holding that decision whether to reopen depends on individual facts and circumstances of each case). Thus, Tardiff's case has been reopened to consider his request for relief and the tort claimants' opposition to it.

### 2. *Revocation of Discharge.*

■ Tardiff recognizes that, in order for conversion to be meaningful, his 1988 Chapter 7 discharge must somehow be nullified, so that it may be supplanted by a Chapter 13 discharge. Pointing to § 706(a)[8], he argues that, because a debtor has the "absolute right" to convert his Chapter 7 case to Chapter 13 "at any time," it necessarily follows that an earlier-entered discharge can be dispensed with upon request. The law is to the contrary.

A "special degree of finality" inheres in a Chapter 7 order of discharge. *In re Tuan Tan Dinh*, 90 B.R. 743, 745 (Bankr. E.D.Pa.1988). The Code expressly provides for a revocation of discharge, but restricts its availability. A discharge may

---

**5.** First enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 (1984), § 523(a)(9) established an exception to discharge for debts to the extent they arose "from a judgment or consent decree entered in a court of record" in which liability resulted from operating a motor vehicle "while legally intoxicated." Under that version of § 523(a)(9), which governed the scope of Tardiff's 1988 discharge, there was room to argue that claims for drunk-driving related liabilities were dischargeable if not reduced to judgment or decree before the bankruptcy filing. *See e.g., In re Hudson*, 73 B.R. 649 (Bankr. 9th Cir.1987), *rev'd* 859 F.2d 1418 (9th Cir.1988). *See also In re Jackson*, 77 B.R. 120 (Bankr.N.D.Ohio 1987) (holding obligation dischargeable if tort suit not commenced pre-petition). Reported cases overwhelmingly held that drunk-driving liabilities were not dischargeable under that version of the statute, whether or not the subject of a pre-petition decree. *Hudson*, 859 F.2d at 1423–24; *In re Hodak*, 119 B.R. 516, 519 (Bankr.W.D.Pa.1990). *Cf. Lugo v. Paulsen*, 886 F.2d 602 (3rd Cir.1989) (expansively construing § 523(a)(9) discharge exception to include insurance premium surcharge). *But see In re Idalski*, 123 B.R. 222, 228 n. 9 (Bankr.E.D.Mich.1991) (criticizing circuit court opinion in *Hudson*). As noted elsewhere, the text of § 523(a)(9) was amended in 1990 to remove any basis for the "race to the courthouse" argument. *See infra* n. 7.

**6.** "Pursuant to 11 U.S.C.A. § 523(a)(9) in effect at the time of filing, said [1988] discharge under Chapter 7 was ineffective as to these [tort claimant] creditors." Tardiff Motion at ¶ 4.

**7.** *See* 11 U.S.C. § 1328(a)(2) (1991). The Chapter 13 discharge exception for debts for death or personal injury caused by unlawful operation of a motor vehicle while intoxicated was added by the Criminal Victims Protection Act of 1990, Pub.L. 101–581, effective November 15, 1990. The legislation, which also amended the language of § 523(a)(9) added debts "of the kind specified in section ... 523(a)(9)" to § 1328(a)(2).

**8.** **§ 706. Conversion.**
(a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1307, or 1208 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

**86**

be revoked only upon the request of the trustee, a creditor or the United States Trustee; and revocation is available only upon specified grounds and within a period of time no more than one year after the discharge is granted or the case is closed. 11 U.S.C. § 727(d), (e).[9] The revocation request must be brought as an adversary complaint. F.R.Bankr.P. 7001(4). *See In re Pankey*, 122 B.R. 710, 712 (Bankr. M.D.Tenn.1991); *In re Leiter*, 109 B.R. 922, 925 (Bankr.N.D.Ind.1990). Thus, revocation may not be had on the debtor's motion. *In re Leiter*, 109 B.R. at 922–23 (citing *In re Morgan*, 668 F.2d 261 (7th Cir.1981) (Bankruptcy Act case)). *See also Tuan Tan Dinh*, 90 B.R. at 744 (collecting authorities).

Relief from the Chapter 7 discharge may be obtained at the behest of the debtor, if at all, only by some device other than statutory revocation. *In re Jones*, 111 B.R. 674, 679 (Bankr.E.D.Tenn.1990). *See In re Leiter*, 109 B.R. at 924–25.

### 3. *Relief from Discharge: Rule 60(b).*

■ Without question, under appropriate circumstances, this court may exercise its inherent authority to review and modify prior orders. *In re Leiter*, 109 B.R. at 924 (citing *Wayne United Gas Co. v. Owens–Illinois Glass Co.*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937)). *See also In re Jones*, 111 B.R. at 679–80; *In re Tuan Tan Dinh*, 90 B.R. at 745; *In re Long*, 22 B.R. 152, 154 (Bankr.D.Me.1982). From Tardiff's somewhat turbid argument may be inferred an attempt to invoke this "ancient and elementary power." *In re Leiter*, 109 B.R. at 924 (quoting *Central Illinois Co. v. Irving Trust Co.*, 79 F.2d 613, 616 (2d Cir.1935) (Hand, J.)).

Modernly, the court's equitable powers to grant relief from its own orders have been merged into the pertinent procedural rules. *In re Met–L–Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir.1988); *In re Etchin*, 128 B.R. 662, 670 (Bankr.W.D.Wis.1991); *In re Leiter*, 109 B.R. at 924; *In re Long*, 22 B.R. at 154 (court's equitable power to grant relief from prior order is "explicitly defined" by procedural rules). Although he has not expressly invoked F.R.Bankr.P. 9024, Tardiff's request for relief from his 1988 discharge requires that this court's equitable powers be focused through its lens.[10] Rule 9024 incorporates F.R.Civ.P. 60. Rule 60(b) provides that a party may be granted relief from judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect," on other grounds not pertinent here or for "any other reason justifying relief from the operation of the judgment." [11]

---

**9.** 11 U.S.C. § 727:

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after granting of such discharge; and

(B) the date the case is closed.

**10.** F.R.Bankr.P. 9023, which incorporates F.R.Civ.P. 59 is not available here. Tardiff has tarried more than a little beyond that rule's 10-day post-judgment availability. *See In re Power Recovery Systems, Inc.*, 950 F.2d 798, 800 n. 5 (1st Cir.1991) (F.R.Bankr.P. 9023 motion subject to 10 day limit); *Rodriguez–Antuna v. Chase Manhattan Bank Corporation*, 871 F.2d 1, 2–3 (1st Cir.1989) (Rule 59 not available after 10 days from judgment).

**11. Rule 9024. Relief from Judgment or Order.**

Rule 60 FR Civ P applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to re-

Whether to grant relief from a prior order is a decision committed to the court's discretion. *Mitchell v. Hobbs,* 951 F.2d at 420; *Cutting v. Town of Allenstown,* 936 F.2d 18, 21 (1st Cir.1991). The court must consider requests for relief from judgment with sensitivity to the need to balance the importance of principles of finality with the desirability that justice be done, usually by resolving disputes on their merits. *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17, 19 (1st Cir.1992).[12] The rule provides "extraordinary relief" to be dispensed only in "exceptional circumstances." *Rodriguez–Antuna v. Chase–Manhattan Bank Corporation,* 871 F.2d at 3. In passing upon a Rule 60(b) motion, the court generally should consider whether a movant can demonstrate (1) timeliness; (2) the existence of exceptional circumstances justifying extraordinary relief; and (3) the absence of unfair prejudice to the opposing party. *Teamsters, Chauffeurs, Warehousemen &*

*Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d at 20.

The train of Tardiff's argument for relief from his 1988 discharge can track Rule 60(b)'s requirements only a little way before derailing. Its engine is Tardiff's disappointment with past legal advice and its result, which caused him to misuse an opportunity to invoke the bankruptcy laws to avoid, or at least to manage, the potential tort liability he faced.

■ *Rule 60(b)(1).* Considering the motion to be brought under Rule 60(b)(1) for "mistake, inadvertence, surprise; or excusable neglect," [13] one need not travel far before realizing that the rule provides Tardiff no aid. A Rule 60(b)(1) motion must be brought within one year after judgment's entry. Tardiff's initiative comes too late.

■ *Rule 60(b)(6).* If the motion qualifies as one brought under Rule 60(b)(6), asserting "any other reason justifying relief from the operation of judgment," it need not have been brought within one year of judgment but, rather, within a

voke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.
**Rule 60. Relief from Judgment or Order.**

\* \* \* \* \* \*

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion

under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, USC, § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**12.** The desirability of a disposition on the merits, a concern present in motions seeking relief from default judgments, is not an important factor here, where Tardiff seeks to avoid the consequences of an order entered in his favor, with his participation, at his request. *Cf. Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (default judgment depriving movant of citizenship).

**13.** Rule 60(b)(1) extends the basis for relief to actions of a party's agents and attorneys. *See* 11 Wright & Miller, Federal Practice and Procedure, Civil § 2858 (1973 & Supp.1991). Excusable neglect by counsel may provide grounds for relief under Rule 60(b)(1). *Chang v. Smith,* 778 F.2d 83, 85 (1st Cir.1985).

"reasonable time." A "reasonable time" is determined by considering all pertinent circumstances and may, in appropriate instances, extend far enough to help Tardiff here. *See, e.g., Klapprott v. United States,* 335 U.S. at 613, 69 S.Ct. at 389; *United States v. Baus,* 834 F.2d at 1121–22.

■ Although potentially more forgiving on the timeliness issue, Rule 60(b)(6) is not available to all who seek to invoke it. For one thing, resort to it cannot be had in circumstances covered by the first five subdivisions of Rule 60(b). *U.S. v. Parcel of Land With Building, Appurtenances, etc.,* 928 F.2d 1, 5 (1st Cir.1991); *U.S. v. Baus,* 834 F.2d at 1121. For another, Rule 60(b)(6) itself is "reserved for extraordinary cases in which the unusual circumstances justify a party's delay." *U.S. v. Berenguer,* 821 F.2d 19, 21 (1st Cir.1987). Tardiff's argument carries too much freight, too little steam.

■ Generally, improper or neglectful conduct of counsel is not a ground upon which Rule 60(b)(6) relief may be obtained. *U.S. v. One Parcel of Land With Building, Appurtenances, etc.,* 928 F.2d at 6 (quoting *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962)). Only if an attorney's neglect is "gross and inexcusable" may the rule's sixth subdivision come into play. *Chang v. Smith,* 778 F.2d at 85. Although Tardiff's original bankruptcy filing now seems ill-advised, whatever shortcomings there were in his representation at that time do not sink to the level that warrants relief from the Chapter 7 discharge under Rule 60(b)(6). Cases cited by the First Circuit as examples of attorney defalcations warranting Rule 60(b)(6) relief demonstrate instances in which counsel misled clients and left them virtually unrepresented, with re-

sulting default judgments, summary judgments or dismissals entered against them. *Chang v. Smith,* 778 F.2d at 85. *See Boughner v. Secretary of Health, Education & Welfare,* 572 F.2d 976, 977 (3rd Cir.1978); *United States v. Cirami,* 563 F.2d 26, 33–34 (2d Cir.1977); *L.P. Steuart, Inc. v. Matthews,* 329 F.2d 234, 235–56 (D.C.Cir.1964), *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). This is not such a case.

■ The court also notes that Tardiff's motion sets forth no extraordinary circumstances that justify a delay of the extent present here. He has waited over three years from entry of discharge and over twenty months from the filing of the state court tort suit to seek relief. The motion is, therefore, untimely under Rule 60(b)(6), as well. The tort claimants would be unfairly prejudiced by further delay and by a likely substantial diminution in their recovery.[14]

As discussed above, discharge orders rightly are accorded a high degree of finality:

> The Debtor and his creditors must be diligent in examining the available legal options prior to discharge and if time does not permit the Debtor has the remedy under Bankr.R. 4004(c) of obtaining an order on his motion to delay entry of the discharge order or to waive the discharge under § 727(a)(10).... There must be a certain minimum degree of finality to a bankruptcy proceeding and the discharge order which is the ultimate goal of the Debtor must be accorded a higher degree of dignity than other orders entered during the course of the administration of a bankruptcy case. As a matter of basic public policy, discharge orders must not be set aside merely because of ignorance of the law or careless-

---

**14.** The court rejects Tardiff's argument that the tort claimants would not be prejudiced by giving him what he asks because they would get some distribution under a Chapter 13 plan, whereas they took nothing from the Chapter 7 proceedings. He claims that because he is seeking conversion, prejudice must be evaluated by looking at circumstances as they existed at the time of his 1988 bankruptcy filing, rather than

as of the time relief from judgment would issue. Such is not the case. A Rule 60(b) motion must be considered in light of current circumstances and the impact granting it would have on third parties. *See e.g., Cutting v. Town of Allenstown,* 936 F.2d at 22 (court to consider whether granting motion would unfairly prejudice movant's adversary).

ness of the parties by having failed to timely effect a choice of remedy.

*In re Leiter,* 109 B.R. at 925.

In summary, Tardiff's motion is not supported by the sort of compelling reasons warranting the extraordinary remedy that relief from the 1988 discharge order represents. Tardiff, who got the discharge the law provided in 1988, albeit not all that he wanted, would, by avoiding that discharge and converting the case, obtain relief that is not presently available to others in similar circumstances but without an old, if not ancient, bankruptcy case to resurrect.[15] That Tardiff now has an income he wishes to protect and, thus, may now qualify for Chapter 13, does not make his circumstances compelling.

"Inasmuch as the debtor's discharge cannot be set aside, no purpose would be served in converting this case to one under Chapter 13 pursuant to § 706, as only one discharge can be received in a case." *In re Leiter,* 109 B.R. at 925.

### CONCLUSION

For the reasons set forth above, the debtor's motion to convert is denied. The 1988 Chapter 7 discharge remains undisturbed. The case will be dismissed.