**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2688
_____

COREY L. HARRIS,
CH'S Service Provider and Children,
C.H., Jr., B.H., A.H.,

                                        Appellant

v.

GREATER ERIE COUNTY ACTION COMMITTEE;
GEGAC EMPLOYMENT TRAINING AND EDUCATION
DIVISION WORKFORCE 2001; PENNSYLVANIA
CAREER LINK WORKFORCE; ERIE COUNTY ECONOMIC
DEVELOPMENT AND PLANNING; ERIE COUNTY
ASSISTANCE OFFICE; S.P. BLACK & ASSOCIATES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-04-cv-00281)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2016

Before: AMBRO, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2016)
_____

OPINION*
_____

PER CURIAM

Appellant Corey L. Harris appeals from orders of the District Court denying his motion to reopen the judgment and motion for reconsideration. For the reasons that follow, we will affirm.

Harris originally filed a civil action in September 2004 in the United States District Court for the Western District of Pennsylvania against numerous defendants, including the Greater Erie Community Action Committee, the Pennsylvania Career Link Workforce, and S.P. Black & Associates. Harris alleged that the defendants, in the course of assisting him in applying for grant money to operate a transportation service for low-income workers, misappropriated his trade secrets and created a similar transportation service. The defendants moved to dismiss Harris' amended complaint, and, in an order entered on March 10, 2006, the motions were granted by U.S. District Judge Sean J. McLaughlin, who was then assigned to the matter.

On January 18, 2012, almost six years after the case was closed, Harris filed his first motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). He appeared to allege that the defendants had done something improper in connection with his state court child support proceedings that had interfered with the litigation of this federal lawsuit. The Rule 60(b) motion was denied. Second and third Rule 60(b) motions to reopen were filed and denied.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent

2

At issue in this appeal, on September 3, 2015, Harris filed a fourth Rule 60(b) motion to reopen the 2006 judgment in this matter. He alleged that his motion was based on newly discovered evidence, and asserted that Judge McLaughlin, who had since resigned from the judiciary, should have recused himself because he had labored under a conflict of interest, the conflict being that he allegedly owned stock in Erie Insurance Company which insures Harris' competitor, Uber. In an order entered on February 9, 2016, the District Court, after questioning the plausibility of the allegations given that Uber was not founded until well after Harris' lawsuit was dismissed, denied the Rule 60(b) motion as untimely filed. On February 16, 2016, Harris filed a timely motion for reconsideration, Fed. R. Civ. P. 59(e), which the District Court denied as meritless in an order entered on May 3, 2016.

Harris timely appeals.[1] We have jurisdiction under 28 U.S.C. § 1291. Harris appears to suggest in his brief that his new evidence was only uncovered after a ten-year investigation. Appellant's Informal Brief, at 8. Moreover, he asserts that he invented Uber, UberX and Lyft, id. at 3, and that Erie County's infringement on his "U.S. Trade Mark" warrants our reversing the District Court, id. at 11.

We will affirm. We review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999). "The general purpose of Rule 60 . . . is to

---

[1] Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) tolls the running of the 30-day appeal period when a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is filed within 28 days after entry of the judgment. Lizardo v. United States, 619 F.3d 273, 278-79 (3d Cir. 2010).

3

strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).

Rule 60(b)(2) allows a party to seek relief from a final judgment, and request reopening of his case, where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Although newly discovered evidence thus is a valid basis for seeking to reopen the judgment, Harris' motion to reopen was untimely filed because such claims must be brought within one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Rule 60(b)(6) allows a party to seek relief from judgment upon a showing of extraordinary circumstances. See Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977). Harris has not shown extraordinary circumstances, and, although claims falling under Rule 60(b)(6) are not subject to the one-year limitation period, they must still be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1). A Rule 60 motion filed more than nine years after the final judgment which fails to offer an adequate explanation for the delay, is not brought within a reasonable time. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not reasonable); Martinez-McBean, 562 F.2d at 913 n.7 (doubting that two and one-half year delay would comply with "reasonable time" requirement). We have fully considered the

4

arguments Harris raises in his Informal Brief, but they do not persuade us that his case involves extraordinary circumstances.

Harris' motion for reconsideration was properly denied by the District Court because he did not argue an intervening change in the law, new evidence, or the need to correct a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court denying Harris' Rule 60(b) motion to reopen the judgment and motion for reconsideration.